The OHIO COMPANY and Andrew J. Wilhelm, Petitioners–Appellants,

v.

Douglas D. and Isabelle J. NEMECEK, Respondents–Appellees.

No. 95–2182.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1996.

Decided Oct. 16, 1996.

Gary M. Saretsky (argued and briefed), Mark L. Kowalsky, Karen A. Gould, Hertz, Schram & Saretsky, Bloomfield Hills, MI, for Petitioners–Appellant.

Anthony V. Trogan, Jr. (argued and briefed), Joseph A. Starr, Weisman, Trogan, Young & Schloss PC, Bingham Farms, MI, for Respondents–Appellees.

Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Petitioners, The Ohio Company (TOC) and Andrew J. Wilhelm, filed a declaratory judgment action in federal court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, seeking an injunction and dismissal of respondents' arbitration claims before the New York Stock Exchange (N.Y.S.E). The district court denied the petition. On appeal petitioners claim the district court erred (1) in holding that the six-year eligibility period for submitting arbitration claims provided in Rule 603 of the general arbitration rules of the New York Stock Exchange, Inc. (N.Y.S.E. Rules), *see* 2 N.Y.S.E. Guide (CCH) ¶¶ 2600–2637 at ¶ 2603 (Nov.1992), is subject to tolling and · (2) in finding that respondents, Douglas D. and Isabelle J. Nemecek, sufficiently pleaded a claim of fraudulent concealment to toll the period in this instance. We hold Rule 603 is not subject to tolling, and, therefore, we reverse.

I.[1]

The Nemeceks maintained an investment account with TOC, a securities brokerage firm, for many years. Andrew Wilhelm was the account executive who serviced their account. In connection with this account, the Nemeceks agreed to arbitrate any dispute they might have with TOC or Wilhelm.

From April 1986 through March 1988, the Nemeceks made certain limited partnership investments totaling $88,487.50. After incurring substantial losses on these invest-

---

1. The facts in this opinion are derived in substantial part from an earlier decision in this case.

*See The Ohio Co. v. Nemecek,* 886 F.Supp. 1342, 1343–44 (E.D.Mich.1995).

ments, the Nemeceks commenced an arbitration proceeding before the NYSE against TOC and Wilhelm. In filing their claim, the Nemeceks also submitted a Uniform Submission Agreement, acknowledging that the arbitration would be conducted in accordance with the NYSE Rules.

The Nemeceks alleged that the investments had been "unsuitable," that petitioners had induced them to invest without proper disclosure of the characteristics and risks of ownership, and that petitioners had made misrepresentations to them concerning their investments. They sought recovery for breach of contract; common law fraud; conspiracy; promissory estoppel; conversion; negligence; malpractice; breach of fiduciary duty; breach of Michigan securities law, *see* Mich.Comp.Laws Ann. §§ 451.501 *et seq.* (West 1989); violation of Michigan consumer's protection law, *see id.* at § 445.901 *et seq.;* and violation of the NYSE's Rules of Fair Practice.

In response to the Nemeceks' arbitration claim, TOC and Wilhelm filed a petition in federal court for declaratory judgment based on diversity jurisdiction seeking to enjoin and dismiss the arbitration proceedings. They argued that the Nemeceks' claim was barred under Rule 603 of NYSE Rules. That Rule provides:

Time Limitation Upon Submission

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

2 N.Y.S.E. Guide (CCH) at ¶ 2603.

The Nemeceks responded that based on petitioners' fraudulent concealment, the running of the six-year eligibility period was tolled until discovery of the misconduct, which allegedly occurred years after the initial investments. The district court did not address this argument, however, because it determined that the Nemeceks failed to

plead fraudulent concealment in their arbitration claim with the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure. Consequently, the court granted the injunction and dismissed the arbitration proceedings. *The Ohio Co. v. Nemecek,* 886 F.Supp. 1342 (E.D.Mich.1995).

The Nemeceks filed a motion for reconsideration seeking to file an amended arbitration claim before the NYSE, which the court granted. Following the filing of the amended claim, TOC and Wilhelm renewed their motion to enjoin the arbitration proceedings on the grounds that the amendments did not cure the defects in the Nemeceks' original claim. Upon reviewing the amended claim, however, the court determined that the Nemeceks had sufficiently pleaded fraudulent concealment and therefore could proceed in arbitrating their claim. Petitioners' motion was denied. In reaching its decision, the court held that (1) the eligibility period contained in Rule 603 is subject to tolling and (2) claimants do not have to prove fraudulent concealment of claims arising outside the six-year eligibility period, but rather merely plead sufficient facts alleging fraudulent concealment for those claims to be eligible for submission to arbitration. Petitioners now appeal.

## II.

On appeal, TOC and Wilhelm first argue that the district court erred in determining that it is for the arbitrator to decide whether a properly pleaded claim of fraudulent concealment tolls Rule 603. Before considering this argument, however, as a threshold matter we must decide whether Rule 603 is subject to tolling. This latter issue presents a case of first impression in this circuit. No circuit has held that Rule 603 is subject to tolling. At least two circuits have concluded that an identical provision, Section 15 of the Code of Arbitration Procedure of the National Association of Securities Dealers, (NASD Code), is not subject to tolling. *See PaineWebber, Inc. v. Hofmann,* 984 F.2d 1372 (3d Cir.1993); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992); *accord Merrill Lynch, Pierce, Fenner & Smith,*

*Inc. v. Cohen,* 62 F.3d 381, 385 n. 4 (11th Cir.1995). Because we determined previously that "Rule 603 of the NYSE and Section 15 of the NASD Code are identical in both text and application," *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649, 651 (6th Cir.1993), we apply authority construing Section 15 interchangeably with authority construing Rule 603 throughout this opinion.

■ In *Sorrells* the district court ruled that the investors' claims against their stock broker and brokerage firm were rendered ineligible for arbitration as outside the six-year eligibility period set forth in Section 15 of the NASD Code. In affirming, the Seventh Circuit rejected the Sorrells' claim that when fraudulent concealment is present, the doctrine of equitable tolling suspends the running of the eligibility period of Section 15.

In reaching its conclusion, the *Sorrells* court stated, "[t]his argument assumes that Section 15 operates as a statute of limitations and is thus subject to tolling." 957 F.2d at 512. The court pointed out, however, that in *PaineWebber, Inc. v. Farnam,* 870 F.2d 1286 (7th Cir.1989), it had explicitly held that "Section 15, which defines which claims 'shall be *eligible* for submission for arbitration' (emphasis added), *is an eligibility requirement and not a statute of limitations and thus cannot be tolled.*" 957 F.2d at 512–13 (quoting 870 F.2d at 1292).

In further support of its holding, the *Sorrells* court noted that a separate section of the NASD Code, Section 18, provided the only instance in which "the Section 15 six-year bar [is] lifted." 957 F.2d at 513. Section 18 provides in pertinent part as follows:

> The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for a such

period as the court shall retain jurisdiction upon the matter submitted. *Id.*[2]

The court noted that the effect of Section 18 was also reflected in the last sentence of Section 15, which provides that this section shall not apply " 'to any case which is directed to arbitration by a court of competent jurisdiction.' " *Id.* (quoting NASD Code § 15). Thus, based on precedent construing the language of § 15 as well as the structure of the NASD Code generally, the court concluded that the time limitation was tolled only when a claim before a court is directed to arbitration. The Sorrells, however, did not present their claims to a court. Rather, they submitted them to NASD arbitration. Therefore, the Seventh Circuit determined that under these facts no exception applied to the jurisdictional bar under Section 15. 957 F.2d at 514.

In *PaineWebber, Inc. v. Hofmann,* 984 F.2d 1372 (3d Cir.1993), the Third Circuit also found that Section 15 was an eligibility requirement and not a statute of limitations. That case involved claims occurring both outside and inside the six-year eligibility period. In remanding to the district court for determination as to which claims were eligible for submission to arbitration, the court instructed "when the stated cause of action is patently nothing more than an attempt to toll the six year period, the court must enjoin the arbitration of that claim." *Id.* at 1381.

In an earlier decision, *PaineWebber, Inc. v. Hartmann,* 921 F.2d 507 (3d Cir.1990), the Third Circuit explained the significance of the court's duty to determine the applicability of Rule 603: "As a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so." *Id.* at 511 (citing *AT & T Technologies v. Communications Workers of America,* 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)). Before compelling an unwilling party to arbitrate, a court must

---

**2.** Section 18's identical equivalent under the NYSE Rules is Rule 606, "Tolling of Time Limitation(s) for the Institution of Legal Proceedings and Extension of Time Limitations(s) for Submission to Arbitration." 2 N.Y.S.E. Guide (CCH) at ¶ 2606. The *Sorrells* court's decision is also consistent with the maxim, "expressio unius est ex-

clusio alternius." *See* Black's Law Dictionary 581 (6th ed. 1990) ("Mention of one thing implies exclusion of another. When certain persons or things are specified in a ... contract ... an intention to exclude all others from its operation may be inferred.").

engage in a limited review to ensure that the dispute is arbitrable. 921 F.2d at 511. The *Hartmann* court went on to note that "[l]ike any contract, an agreement to arbitrate may be limited in its substantive scope in an almost infinite variety of ways." *Id.* The court cited examples of such as limitations as to parties, types of disputes, and economic or geographic limitations. These limitations may even include an agreement to "substantively limit their obligation to arbitrate in a *temporal* sense." *Id.* The *Hartmann* court found Rule 603 to be such a substantive limit, rather than merely a procedural requirement. *Id.* at 512 (distinguishing the rule from a statute of limitations "governing the initiation of disputes that already fell within the substantive limits of the agreement to arbitrate").

While this circuit has never determined whether NYSE Rule 603 is subject to tolling, it has taken the intermediate step of holding that the applicability of Rule 603's time limitation upon submission to arbitration is a question for the court to decide, and not the arbitrator, in reliance upon the *Hartmann*, *Sorrells*, and *Hofmann* decisions. *Roney and Co. v. Kassab*, 981 F.2d 894, 899 (6th Cir.1992); *see also Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 651 (6th Cir. 1993) (*McCoy I*) (court must decide as a threshold matter whether time remains under § 15 of the NASD Code for claimants to bring arbitration proceeding).

The Nemeceks contend that the six-year eligibility period under Rule 603 does not commence to run until discovery of their injury. Now faced with the question whether Rule 603 is subject to tolling, we conclude, as the *Hartmann* court did, that Rule 603 is a substantive temporal limitation on the parties' agreement to contract and as such is not subject to equitable tolling. To rule otherwise not only would contravene *Hartmann*, *Sorrells*, and *Hofmann*, but also would thwart the intent of the parties' arbitration agreement which, as we noted in *Wiepking v. Prudential–Bache Securities, Inc.*, 940 F.2d 996, 998 (6th Cir.1991), we cannot do: "While Congress was no doubt aware that the [Federal Arbitration] Act would encourage the expeditious resolution of disputes, its passage

'was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered.'" *Id.* (quoting *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989) (citation omitted)).

In reaching this conclusion, we note that the six-year eligibility period under NYSE Rule 603 is more generous than comparable periods allowed under either state or federal securities law. *See* Mich.Comp.Laws Ann. § 451.810(e) (West 1989) (barring securities fraud claims filed more than two years after discovery of facts that form the basis of the claim but no later than four years after the contract of sale); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991) (claims under 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder are barred if not commenced within one year from discovery of facts constituting the violation, but no later than three years from such violation). These laws, even encompassing fraudulent concealment, provide outer limits for bringing claims that are two to three years shorter than that provided under Rule 603. *See id.* ("[b]ecause the purpose of the 3–year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period"); *see also McCoy I*, 995 F.2d at 651 (purpose of Rule 603 is to prevent stale claims); *Roney*, 981 F.2d at 899–900.

We recognize that dicta from this court's decision in *McCoy I*, as well as our analytical approach in *Roney*, have caused district courts interpreting these decisions to reach different results regarding whether the six-year eligibility period ·is subject to tolling. *Compare Davis v. Keyes*, 859 F.Supp. 290, 292 (E.D.Mich.1994) (comments made in Sixth Circuit opinion, *McCoy I*, 995 F.2d at 651, and *Roney*, 981 F.2d at 900, suggest that six-year eligibility period is tolled for fraudulent concealment) *with Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023, 1028–30 (E.D.Tenn.1994) ("*McCoy II* ") (Sixth Circuit has not directly addressed whether six-year eligibility period is tolled for fraudulent

concealment and holding tolling does not apply).

The confusion arises in *Roney* because in that case, although petitioners argued that the investors' arbitration claims were barred under Rule 603, we addressed the merits of claimants' fraudulent concealment allegations. Finding that claimants had not stated a sufficient claim for fraudulent concealment, we determined that the allegations could not impact application of Rule 603. 981 F.2d at 898–900. The district court in *Davis* assumed from this approach that fraudulent concealment was a basis for tolling Rule 603. 859 F.Supp. at 292. As the district court in *McCoy II* recognized, however, our approach did "not discuss or address the question of whether the six-year eligibility for arbitration time limit in Rule 603 of NYSE can be tolled by fraudulent concealment." 853 F.Supp. at 1029.

Even more confusing is dicta in our opinion in *McCoy I*, 995 F.2d at 649. In that case, the issue on appeal involved whether Section 15 presented a question of arbitrability for the court to determine. We held that it did. *Id.* at 651 (" 'the word "eligible" must be given its plain and literal meaning and interpreted ... as absolutely barring stale disputes from reaching arbitration,' ") (quoting *Roney*, 981 F.2d at 899). Nevertheless, at the conclusion of the opinion, in remanding the action to the district court for determining whether the claims alleged were barred under the eligibility period, we stated:

> Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their allegedwrongs, then the claims potentially may still be pursued in arbitration. *See Roney*, 981 F.2d at 900.

995 F.2d at 651. The district court in *Davis*, construing this language stated the following:

> Explicit in the court of appeals rulings and findings in *Roney* and *McCoy*, is the conclusion that the six-year eligibility period operates as a statute of repose. Implicit in the ruling is the conclusion that fraud-

ulent concealment is a condition which tolls the six-year eligibility period.

859 F.Supp. at 293.

In contrast, on remand in the *McCoy* action, Judge Edgar interpreted our dicta in *McCoy I* as follows:

> The Sixth Circuit has not directly addressed [whether § 15 is a statute of limitations subject to equitable tolling]. In *McCoy [I]*, 995 F.2d at 651, the Sixth Circuit flatly stated without discussion or analysis that Section 15 is not akin to a statute of repose and indicated there might be an exception to the six-year eligibility requirement where the wrongful conduct has been fraudulently concealed citing to *Roney*, 981 F.2d at 900. However, this court does not read *Roney* as holding that the six-year time limit in Section 15 can be equitably tolled by fraudulent concealment.

853 F.Supp. at 1028. The district court concluded that Section 15 was not subject to tolling and the investors' claims were barred under Section 15. On appeal following remand, *Dean Witter Reynolds, Inc. v. McCoy*, No. 94–5779, 1995 WL 699619 (6th Cir. Nov. 27, 1995), we affirmed on the ground that the investors had failed to raise a genuine issue of material fact regarding whether the brokerage firm or broker had fraudulently concealed the McCoys' cause of action and left open the question of whether Section 15 was subject to tolling. *Id.* at *2.

We agree with Judge Edgar's analysis of our precedent. We did not need to reach the issue of tolling in *Roney* because no fraudulent concealment had been adequately pleaded. As for our dicta in *McCoy I*, first, we are not bound by dicta in a previously published panel opinion. *United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir.1993). Second, given this circuit's adoption in *McCoy I* and *Roney* of the Third and Seventh Circuit's construction of the six-year period as an eligibility requirement, and those courts' rejection of the application of equitable tolling to such a provision, *see, e.g., Sorrells*, 957 F.2d at 513; *Hofmann*, 984 F.2d at 1379, we see no reason to reject the logic of those courts' analysis, and similarly conclude that regardless of dicta to the contrary Rule 603 is not subject to tolling. *See Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Burhans,* No. 1:94–CV–616, 1995 WL 903458 at *4, 1995 U.S. Dist. LEXIS 9670 at *10 (W.D.Mich. Apr. 26, 1995) ("although dicta in Sixth Circuit opinions suggest treating the [eligibility] period like a statute of limitation, the logic of its previous opinions, as well as holdings of the Third and Seventh Circuit Courts of Appeals, dictate treating Section 15 as a jurisdictional limitation").

Because we determine Rule 603 is an eligibility provision not subject to tolling, we need not address whether the district court erred in leaving for the arbitrator the merits of claimants' claims of fraudulent concealment and tolling.

**REVERSED** and **REMANDED** for further proceedings consistent with this opinion.