Barbara J. **LINDELL,** Cynthia L. **Nordgberg** (formerly Lindell), and Sandra **Lindell, Plaintiffs,**

v.

**WADDELL & REED, INC., Defendant.**

No. 1:97 CV 74.

United States District Court, W.D. Michigan, Southern Division.

April 16, 1997.

---

Vittorio E. Porco, McGinty Jakubiak Frankland, Hitch, and Henderson, P.C., East Lansing, MI, for Barbara J. Lindell, Cynthia L. Nordgberg, Sandra Lindell.

Shaun Michael Murphy, Warner, Norcross & Judd, L.L.P., Grand Rapids, MI, Melanie LaFave, Jaffe, Raitt, Heuer & Weiss, P.C., Detroit, MI, for Waddell & Reed, Inc.

Ronald G. Morgan, Morgan & Fuzak, East Lansing, MI, for defendant Douglas Hedley.

## OPINION

ENSLEN, Chief Judge.

This action to enforce an arbitration award pertains to the sale of securities by a member of the National Association of Securities Dealers ("N.A.S.D."). The defendant company has requested in its counter-claim, defenses and motion to vacate the award that the Court vacate the arbitration award pursuant to Section 10(a)(4) of the Federal Arbitration Act because the arbitrators exceeded their authority. For the reasons which follow, the defendant's motion is granted.

### I.

In this controversy, Plaintiff Barbara Lindell is an individual resident of the State of Michigan. Plaintiff Cynthia Nordgberg is an individual resident of the State of Michigan. Plaintiff Sarah Lindell is an individual resident of the State of Texas. Defendant Waddell & Reed, Incorporated is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Kansas. The defendant corporation is a member of the National Association of Securities Dealers and sold securities under the rules and codes established for N.A.S.D. members. According to the complaint, plaintiffs are former investors who utilized the services of defendant, through its employee Douglas Hedley. Hedley allegedly caused plaintiffs to invest large amounts of money in limited partnerships, which ultimately caused plaintiffs to lose their investments and their anticipated profits.

After discovering their losses, plaintiffs filed a claim for arbitration with the National Association of Security Dealers on December 28, 1994. Hearings were held before the arbitrators on May 2, May 3 and June 19, 1996. An Opinion and Award was issued by the arbitrators in favor of the plaintiffs on September 12, 1996. The parties stipulated at the time of the arbitration that the partnership interests in question were purchased as follows: Barbara Lindell purchased $675,000 in limited partnerships between April 1985 and June 1986;[1] Cynthia Nordgberg

---

1. The parties also stipulated that Barbara Lindell purchased a $60,000 investment in Liberty In-  come LP in January 1988 from Lindell Company

purchased $75,000 in limited partnerships between June and September 1985; and Sandra Lindell purchased $75,000 in limited partnerships between August and September 1985. Affidavit of Catherine A. Duke, Exhibit 2 (Stipulation of May 13, 1996). The arbitrators determined that at the time of sale Douglas Hedley made representations to plaintiffs that the investments would generate an average return of 17 percent on their investments (15 percent the first year and 20 percent in subsequent years). They further determined that the investments had not performed as promised and that they had no present or future value. In so doing, they found that the claims against the defendant—for breach of warranties and representations—did not accrue until 1990 or later (when the plaintiffs discovered the false representations[2]) and thus entered an award for the plaintiffs despite the six-year eligibility rule applicable to N.A.S.D. arbitrations. With certain conditions, the arbitrators entered awards in favor of Barbara Lindell, Cynthia Nordgberg and Sandra Lindell in the amounts of $1,080,662.00, $112,931.00 and $126,755.50, respectively, as compensation for both the loss of their investments and for their lost profits.

Plaintiffs initially filed suit to enforce the award in the Circuit Court for the County of Ingham on September 20, 1996. This action was removed to the Eastern District of Michigan by notice filed by the defendant on October 9, 1996. Both defendant and plaintiffs then noticed that the action was improvidently removed to the Eastern District of Michigan. Defendant requested that the matter be transferred to the Western District of Michigan. Plaintiffs requested that the matter be remanded to state court because of the improvident removal and "to avoid piecemeal litigation." The motion to remand was denied by Judge Barbara K. Hackett by her Order of January 7, 1997, which Order also transferred this action to this Court pursuant to 28 U.S.C. § 1406(a).

## II.

█ Neither of the parties have specified the civil procedure relevant to the instant motion. The Court notices that the defendant has asserted a counter-claim and defenses asking for the vacation of the arbitration award. This motion itself asks for judgment on the counterclaim and defenses presumably under either Federal Rule of Civil Procedure 12 or Rule 56. The exact procedure intended is not important because Rule 12(c) requires resort to Rule 56 in the event that, as in this case, matters outside the pleadings are presented in the motion. Thus, the pertinent standard is whether the moving party has shown—based on all the proffered evidence—that there are no genuine issues of material fact such that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Summary judgment under Rule 56 may not be granted where there has not been an adequate opportunity for discovery. *Id.* This concern is not appropriate here since all of the facts necessary for resolution of this motion, principally the findings of the arbitrators, are well-known to both parties and are a matter of record.

## III.

Defendant's counterclaim, defenses and motion to vacate arbitration award are premised on Title 9 United States Code Section 10(a)(4), which provides that:

> ... the district [court] ... may make an order vacating the award upon the application of any party to the arbitration—
> (4) Where the arbitrators exceed their powers....

9 U.S.C. § 10(a)(4).[3] To determine the extent of the arbitrators' powers requires that

---

Pension Plan (and not from Wadell & Reed) at the recommendation of Douglas Hedley.

**2.** *See* Exhibit 4 of Affidavit of Catherine Duke (Claimants' Response to Respondents' Joint Motion to Dismiss).

**3.** This statute also provides that the action should be brought in the district where the arbitration occurs—which in this case would be the Eastern District of Michigan. However, case law has interpreted this section as a permissive venue provision which does not prevent the exercise of jurisdiction in other venues. *In re VMS Securities Litigation*, 21 F.3d 139 (7th Cir.1994).

the Court consult the N.A.S.D.Code of Arbitration Procedure Section 15, which provides in pertinent part:

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy.... [4]

It is not disputed that the parties agreed to the submission of this dispute to arbitration in accordance with the N.A.S.D.Code of Arbitration Procedure. Exhibits 6–8, Affidavit of Catherine Duke.

■ In light of the fact that the instant complaint involves an arbitration award in excess of $50,000 [5] and between citizens of different states, this Court has diversity jurisdiction to consider whether to vacate the arbitration award under the federal arbitration statute. *See Ford v. Hamilton Investments, Inc.*, 29 F.3d 255 (6th Cir.1994). As to the exercise of that jurisdiction, it is customary in arbitration cases that the courts not upset the decision of arbitrators unless the arbitrators' decision was made "in manifest disregard of the law"—meaning that the decision "[flies] in the face of clearly established legal precedent." *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995). However, the courts have applied a different standard of review when assessing whether the arbitration decision was made in excess of the arbitrators' authority to arbitrate. As the United States Supreme Court has written,

the question of arbitrability ... is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agree to arbitration is to be decided by the courts, not the arbitrator.

*AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). For this reason, the Sixth Circuit Court of Appeals has held that the decision of whether claims are subject to N.A.S.D. or New York Stock Exchange ("N.Y.S.E.") arbitration— under Section 15 of the N.A.S.D.Code or Rule 603 of the N.Y.S.E.[6]—is to be made by the courts upon *de novo* review. *Ohio Co. v. Nemecek*, 98 F.3d 234, 237 (6th Cir.1996); *Roney and Co. v. Kassab*, 981 F.2d 894, 899 (6th Cir.1992); *Edward D. Jones v. Sorrells*, 957 F.2d 509, 514 (7th Cir.1992).

■ As to how to compute the six-year time period applicable under Rule 15, this question was recently addressed by the Sixth Circuit Court of Appeals in the *Nemecek* decision. Therein, Circuit Judge Guy noted that there was a conflict between the circuits as to whether to apply tolling principles to the six-year deadline contained in Section 15 (with the exception of tolling explicitly permitted under Section 18, which is not applicable here). *Nemecek*, 98 F.3d at 235. He then opted to adopt the position favored by the Third, Seventh, and Eleventh Circuit Courts of Appeals which construed the six-year eligibility period strictly without recourse to equitable tolling. *Id.* at 237–39; *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Burhans*, 947 F.Supp. 319 (W.D.Mich.1995)(unpublished opinion relied upon in *Nemecek* ). Given that such is the law of this Circuit, inasmuch as the present arbitrators' decision on the timeliness of the arbitration claim was based on equitable tolling, it was mistaken.

These rulings on the tolling of the arbitration eligibility period also relate to the question of what is the date of the "occurrence or event" giving rise to the claims asserted here—for misrepresentation and false prom-

---

**4.** Section 15 of the N.A.S.D.Code of Arbitration Procedure has been re-numbered as Rule 10304 of the N.A.S.D.Code of Arbitration Procedure, but the re-numbering made no substantive changes to the provision.

**5.** The Court recognizes that the amount in controversy requirement under 28 U.S.C. § 1332 was changed to $75,000 effective 90 days after the enactment of Public Law 104–317 on October 19, 1996. However, in this case, the $50,000

amount applies because the complaint and removal petition were filed before the change became effective.

**6.** Interestingly, Sixth Circuit case law treats the two interchangeably because of the similarity of the issues and the relevant rule language. *Ohio Co. v. Nemecek*, 98 F.3d 234, 235–36 (6th Cir. 1996).

ises of securities' performance. The above mentioned decisions in *Sorrells* and *Burhans* both concerned false promises of securities' performance. In both cases, the courts timed the running of the six-year eligibility period from the date of the last sale of investments. *Sorrells,* 957 F.2d at 512; *Burhans, supra,* 947 F.Supp. at 320. Similarly, in the case of *Dean Witter Reynolds, Inc. v. McCoy,* 853 F.Supp. 1023,1030 (E.D.Tenn. 1994), *aff'd,* 70 F.3d 1271 (6th Cir. Nov.27, 1995), Judge Edgar determined that the policies underlying the six-year eligibility period required that an arbitration claim for the making of inappropriate investments in limited partnerships be brought within six years of the date of investment. As Judge Edgar wrote,

> Section 15 cannot be interpreted as permitting investors to wait for years until they suffer a financial loss then file a stale claim for arbitration more than six years after the date the investment was made challenging its suitability.... The Court holds that the date of "the occurrence or event giving rise to the act or dispute, claim or controversy," for the purpose of Section 15, is the date of the investment.... The date of the occurrence or event does not under any circumstances depend on the date when the aggrieved investor first discovers that he or she has suffered a financial loss.

*Id.* at 1030–31. Upon review, the Sixth Circuit, in an unpublished opinion, not only affirmed this decision, but adopted its reasoning. According to Circuit Judge Batchelder,

> [T]he Investors' claim arose and the six-year limit began to run at the time the investments were made....There is no merit in the Investors' allegations that their injury did not occur until the investments turned sour. Adopting the Investors' interpretation would clearly undermine the intention of § 15 calling for a six-year time limit on the arbitrability of claims, and would enable the Investors to control the running of the time limit while they reaped the benefits of the investments about which they would later complain.

*Dean Witter Reynolds, Inc. v. McCoy,* 70 F.3d 1271, 1995 WL 699619 at *2, Fed. Sec. L. Rep. ¶ 99,002 (6th Cir. Nov. 27, 1995)(unpublished decision). *See also Prudential Securities v. Mills,* 944 F.Supp. 625, 630 (W.D.Tenn.1996); *First of Michigan Corp. v. Swick,* 894 F.Supp. 298, 300 (E.D.Mich.1995).

Likewise, the plaintiffs in this lawsuit cannot subject the Section 15 arbitration provision to an *ad nauseam* series of extensions to account for their continual assessment of the success of their investments. The wrong done here was done at the time of the sale of the investments and the time of sale is the relevant benchmark for determining the expiration of the arbitration eligibility period. Since the last sale of securities occurred in January 1988—more than six years before the filing of the claim in December 1994—the decision of the arbitrators was made outside of their designated authority. Therefore, defendant is entitled to the entry of an order vacating the arbitration award.

### IV.

In accordance with the Court's Opinion, the Court shall grant the defendant summary judgment on its counterclaim and defenses and shall enter judgment pursuant to Title 9 United States Code Section 10(a)(4) vacating the arbitration award and denying plaintiffs' complaint to enforce the arbitration award.

### *JUDGMENT*

In accordance with the Court's Opinion of this date;

**IT IS HEREBY ORDERED** that the defendant's motion to vacate the arbitration award (Dkt. No. 11) is **GRANTED,** that Judgment is entered **in favor of the defendant** and against the plaintiffs, and that N.A.S.D. Regulation, Inc.'s Award in Arbitration No. 94–05539 is **ORDERED VACATED** pursuant to Title 9 United States Code Section 10(a)(4).