CHUBB SECURITIES CORPORATION v MANNING

Docket No. 189097. Submitted March 11, 1997, at Lansing. Decided July 25, 1997, at 9:20 A.M.

Chubb Securities Corporation and others brought an action in the Macomb Circuit Court against Mary Lou Jesuale Manning, seeking a declaration that the defendant's commencement of arbitration proceedings pursuant to National Association of Securities Dealers (NASD) Code of Arbitration Procedure was not timely with respect to five of her six claims and an injunctive order barring the defendant from proceeding with the arbitration proceedings of the five claims that were not timely brought. The plaintiffs alleged that five of the six investment transactions that were the subject of the defendant's request for arbitration under the NASD code had occurred more than six years before her request for arbitration and that arbitration of those five claims was thus barred by the six-year eligibility period of former § 15, now Rule 10304, of the NASD code. The defendant moved for summary disposition, claiming that she was entitled to arbitration of the five claims that involved transactions that took place more than six years before the request for arbitration because the six-year limitation period should be tolled because of fraudulent concealment by the plaintiffs. The court, Deborah A. Servito, J., granted summary disposition for the defendant, finding that fraudulent concealment would toll the limitation period and that the defendant had sufficiently alleged fraudulent concealment. The plaintiffs appealed.

The Court of Appeals *held*:

1. Arbitration proceedings pursuant to the NASD code are a matter of contract between the parties agreeing to such arbitration, and, accordingly, the parties were free to agree to limitations with respect to the nature of the commencement of those proceedings. Former § 15 of the NASD code clearly provided that no dispute or claim is eligible for arbitration under the NASD code if more than six years has elapsed between the occurrence or event giving rise to the dispute or claim and the request for arbitration pursuant to the code. Although former § 18, now Rule 10307, of the NASD code provided that the six-year eligibility period of former § 15 was tolled during a period in which a claim or dispute is before a court of competent jurisdiction, the NASD code made no provision for the

tolling of the eligibility period by reason of any fraudulent conceal-ment by a party to the arbitration agreement. The defendant con-tractually agreed to be bound by the NASD code, and the code clearly did not provide for a tolling of the eligibility period on the basis of fraudulent concealment. That contractual provision is not contrary to public policy.

2. The six-year eligibility period with respect to each claim com-menced at the time the defendant made the purchase of the secur-ity that give rise to the claim, rather than on the date that she decided that the securities were no longer in her best interest, inas-much as the nature of her arbitration claim was that the plaintiffs had fraudulently induced her to make the purchase of those securi-ties. Accordingly, the trial court erred in granting summary disposi-tion for the defendant and allowing arbitration of those claims involving purchases of securities that occurred more than six years before the defendant's filing of her request for arbitration pursuant to the NASD code.

Reversed and remanded.

ARBITRATION — CONTRACTS — PERIOD OF ELIGIBILITY — TOLLING — NATIONAL ASSOCIATION OF SECURITIES DEALERS.

Arbitration pursuant to the National Association of Securities Dealers Code of Arbitration is a matter of contract; the six-year eligibility period under former § 15, now Rule 10304, of that code com-mences at the time of the purchase of a security that gives rise to the claim or dispute for which arbitration pursuant to that code is sought and is not tolled by reason of fraudulent concealment of any facts by a party.

*Bodman, Longley & Dahling, LLP* (by *Dennis J. Levasseur* and *Lydia Pallas Loren*), for the plaintiffs.

*Weisman, Trogan, Young & Schloss, P.C.* (by *Anthony V. Trogan* and *Joseph A. Starr*), for the defendant.

Before: McDONALD, P.J., and GRIFFIN and BANDSTRA, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting summary disposition for defendant. Plaintiffs sought to prevent defendant from arbitrating numerous claims relating to invest-

ments in limited partnerships, claiming that the commencement of the arbitration proceeding was untimely pursuant to the National Association of Securities Dealers (NASD) Code of Arbitration Procedure. In this case, we are asked to decide whether the six-year eligibility period for arbitration contained in former § 15 of the NASD code is subject to tolling on the basis of a claim of fraudulent concealment. We conclude that it is not and, thus, reverse the trial court's order granting summary disposition to defendant.

Defendant invested a large amount of money in limited partnerships through plaintiff William Furest. Five of defendant's investments were made more than six years before defendant commenced a securities arbitration proceeding before the NASD. In filing for arbitration, defendant claimed that she had been fraudulently induced into investing in the limited partnerships. Plaintiffs filed a declaratory action in the circuit court, arguing that former § 15 of the NASD code prevented arbitration of the five claims because the investments were made more than six years before the commencement of the arbitration. Defendant moved for summary disposition, claiming that she was entitled to arbitration because, even though the investments were made more than six years before the date that she commenced the arbitration proceedings, the six-year time limit set forth in former § 15 of the NASD code was tolled because of fraudulent concealment. The trial court granted summary disposition in favor of defendant, holding that the six-year limitation period could be tolled for fraudulent concealment and that defendant had sufficiently alleged fraudulent concealment to toll the limitation period.

In reaching its decision that the six-year limitation period could be tolled, the trial court relied upon several federal cases: *Roney & Co v Kassab*, 981 F2d 894 (CA 6, 1992), *Dean Witter Reynolds, Inc v McCoy*, 995 F2d 649 (CA 6, 1993) *(McCoy I)*, and *Davis v Keyes*, 859 F Supp 290 (ED Mich, 1994).

The provision at issue in this case, former § 15 of the NASD code,[1] stated:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Although there are no Michigan precedents on point, the Sixth Circuit Court of Appeals has recently addressed the exact issue presented here and held that the six-year eligibility period for bringing securities claims to arbitration is not subject to tolling. *Ohio Co v Nemecek*, 98 F3d 234 (CA 6, 1996). We find the holding in *Nemecek* to be persuasive in this case.

In *Nemecek*, the Sixth Circuit Court of Appeals analyzed the cases relied upon by the trial court in the present case and determined that the decisions had been misinterpreted and that Rule 603 of the New York Stock Exchange (NYSE), which is equivalent to former § 15 of the NASD code,[2] is not subject to tolling. As argued by defendant in the present case, the inves-

---

[1] It appears that § 15 of the NASD code has been renumbered as Rule 10304. No substantive changes were made to the provision when the renumbering occurred.

[2] See, also, *McCoy I, supra* at 651 (Rule 603 of the NYSE and § 15 of the NASD code are identical in both text and application).

tors in *Nemecek, supra* at 235, also made the argument that the six-year eligibility period was tolled because of fraudulent concealment. The court in *Nemecek, id.* at 235-236, first noted that no federal circuit court had ever held that Rule 603 of the NYSE was subject to tolling and that two circuit courts of appeals, those for the third and seventh circuits, had held that the identical provision of former § 15 of the NASD code was not subject to tolling. The court then stated that Rule 603 and § 15 were interchangeable because the provisions were identical in test and application. *Nemecek, supra* at 236. The court adopted the reasoning of the Seventh Circuit Court of Appeals in *Edward D Jones & Co v Sorrells*, 957 F2d 509, 512-513 (CA 7, 1992), which held that § 15 is an eligibility requirement, not a statute of limitations, and cannot be tolled.[3] *Nemecek, supra* at 236. The court recognized that "a separate section of the NASD Code, Section 18, provided the only instance in which 'the Section 15 six-year bar [is] lifted.' " *Id.*, quoting *Sorrells, supra* at 513. Former § 18 of the NASD code tolled the six-year eligibility period when the "dispute, claim, or controversy" is before a court of competent jurisdiction.[4] *Nemecek, supra.* Because the only exception to the eligibility period was set out in the NASD code, the court reasoned that no further exceptions were warranted. *Id.*

---

[3] The court in *Nemecek, supra* at 236, also relied on *PaineWebber, Inc v Hofmann*, 984 F2d 1372 (CA 3, 1993), in concluding that the six-year eligibility period for bringing securities claims to arbitration is not subject to tolling. The Court in *Hofmann, id.* at 1381, concluded that "when the stated cause of action is patently nothing more than an attempt to toll the six year period, the court must enjoin the arbitration of that claim."

[4] It appears that § 18 of the NASD code has been renumbered as Rule 10307. No substantive changes were made to the provision when the renumbering occurred.

The court in *Nemecek, supra* at 237, also adopted the reasoning of *PaineWebber, Inc v Hartmann*, 921 F2d 507, 511 (CA 3, 1990), that " '[l]ike any contract, an agreement to arbitrate may be limited in its substantive scope in an almost infinite variety of ways.' " Limiting the time within which arbitration may take place is a substantive limitation. The Sixth Circuit Court of Appeals concluded:

> [W]e conclude, as the *Hartmann* court did, that Rule 603 is a substantive temporal limitation on the parties' agreement to contract and as such is not subject to equitable tolling. To rule otherwise not only would contravene *Hartmann, Sorrells,* and [*PaineWebber, Inc v*] *Hofmann*[984 F2d 1372 (CA 3, 1993)], but also would thwart the intent of the parties' arbitration agreement which . . . we cannot do: "While Congress was no doubt aware that the [Federal Arbitration] Act would encourage the expeditious resolution of disputes, its passage 'was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered.' " [*Nemecek, supra* at 237.]

In reaching its decision that § 15 could not be tolled, the Sixth Circuit Court of Appeals also noted that the six-year eligibility period contained in § 15 was more generous than MCL 451.810(e); MSA 19.776(410)(e), the Michigan statute barring securities fraud claims filed more than four years after the contract of sale. *Nemecek, supra* at 237.

We find the above federal precedents to be persuasive and conclude that the six-year eligibility period found in former § 15 of the NASD code cannot be tolled on the basis of a claim of fraudulent concealment. The arbitration agreement at issue in this case is a contract. See *Ehresman v Bultynck & Co, PC*, 203 Mich App 350, 353; 511 NW2d 724 (1994). A clear

contract that does not contravene public policy must be enforced as written. *Fitch v State Farm Fire & Casualty Co*, 211 Mich App 468, 471; 536 NW2d 273 (1995). In this case, defendant agreed to be bound by the NASD code, and it is clear that the contract provision regarding arbitration intended to limit the time within which parties may submit to arbitration. That limitation is not contrary to public policy because it is more generous than the limitation provided by state statute.

We also conclude that the six-year eligibility period of former § 15 began to run at the time the investment purchases were made, rather than, as argued by defendant, when defendant decided that the purchases were no longer in her best interest. *Dean Witter Reynolds, Inc v McCoy*, 853 F Supp 1023, 1030 (ED Tenn, 1994), aff'd 70 F3d 1271 (CA 6, 1995) *(McCoy II)* (for purposes of § 15 of the NASD code, "the occurrence or event" giving rise to the act or dispute, claim, or controversy is the date of the investment); see, also, *Sorrells, supra* at 512 (claims ineligible for arbitration because more than six years had elapsed since the date the investment was made). We agree with the court in *McCoy II, supra* at 1030-1031, that "[t]he date of the occurrence or event does not under any circumstances depend on the date when the aggrieved investor first discovers that he or she has suffered a financial loss."

The purpose of the six-year period in former § 15 was to prevent the submission of stale disputes to arbitration. *Id.* at 1030. Allowing investors to wait until they suffer a financial loss and then to file a stale claim for arbitration more than six years after the date the investment was made would circumvent

the purpose of § 15. *Id.* Furthermore, if the limited partnership investments were too speculative and not in the best interests of defendant, then the investments were not suitable on the dates that the investments were purchased. *Id.*

In summary, we hold that former § 15 of the NASD code is not a statute of limitations that can be tolled on the basis of a claim of fraudulent concealment, but rather is a contractual eligibility provision that cannot be tolled, except during a period where the subject matter of the dispute to be arbitrated was the subject of a case before a court of competent jurisdiction. Furthermore, the six-year eligibility period of former § 15 of the NASD code began to run at the time the investment purchases were made. Because the six-year provision cannot be tolled in this case, the investments defendant made more than six years before the arbitration was requested are not subject to arbitration.

In light of our disposition of the above issues, we need not address whether the trial court erred in concluding that defendant's allegations were sufficient to state a valid fraudulent concealment claim. We reverse the trial court's order granting summary disposition for defendant and remand so that an order granting summary disposition in favor of plaintiffs can be entered.