GREGORY J SCHWARTZ & CO, INC v FAGAN
GREGORY J SCHWARTZ & CO, INC v KRYGIELL
GREGORY J SCHWARTZ & CO, INC v POLINSKY

Docket Nos. 229389, 229401, 234076. Submitted May 15, 2002, at Detroit. Decided January 31, 2003, at 9:05 A.M.

Gregory J. Schwartz & Co., Inc., a member of the National Association of Securities Dealers (NASD), and Gregory J. Schwartz brought three actions in the Oakland Circuit Court against Barry S. Fagan, Richard Krygiell, Andrew Polinsky, Jr., and others, seeking to enjoin the arbitration of claims of the defendants against the plaintiffs with regard to brokerage services of Schwartz & Co. The court in each action, Denise Langford Morris, J., granted summary disposition in favor of the defendants, dismissed the complaints, and referred the matters to arbitration, finding that the arbitrator, and not the court, should decide whether the defendants' claims fell within the six-year limitation period provided under Rule 10304 of the NASD Code of Arbitration Procedure. The plaintiffs appealed from the judgment and order in each action, claiming that the trial court should have determined the eligibility of the defendants' arbitration claims under Rule 10304. The appeals were consolidated.

The Court of Appeals *held*:

1. The court properly held that the question whether the defendants' claims are eligible for arbitration under Rule 10304 is a question for the arbitrator, not for the court.

2. A question of arbitrability is an issue for judicial determination unless the parties unequivocally indicate otherwise. Procedural questions relating to time limits, laches, notice, and other doctrines are generally not considered questions of arbitrability and are more akin to characteristics of the underlying controversy itself and should be decided by the arbitrator. Therefore, the application of Rule 10304 is a question for the arbitrator. The parties to this matter did not include a provision in their arbitration agreement indicating that a court would apply Rule 10304.

Affirmed.

ARBITRATION — QUESTIONS OF ARBITRABILITY — PROCEDURAL QUESTIONS.

A question regarding the arbitrability of a dispute is an issue for judicial determination unless the parties unequivocally indicate other-

wise in an arbitration agreement; procedural questions relating to time limits, laches, notice, and other doctrines are generally not considered questions of arbitrability and are more akin to the characteristics of the underlying controversy itself and should be decided by the arbitrator where the parties do not include a provision in the arbitration agreement indicating that a court would decided such procedural questions.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *David S. Snyder* and *Sheri B. Cataldo*), for the plaintiffs.

*Anthony V. Trogan, P.L.L.C.* (by *Anthony V. Trogan*), for Barry S. Fagan, Richard Krygiell, and others.

*David M. Foster, P.C.* (by *David M. Foster*), for Andrew Polinsky, Jr., and others.

Before: WHITBECK, C.J., and O'CONNELL and METER, JJ.

METER, J. In these consolidated appeals, defendants[1] obtained participation certificates in the Mortgage Corporation of America (MCA) through the brokerage services of plaintiff Gregory J. Schwartz & Co., Inc. (Schwartz & Co.), a member of the National Association of Securities Dealers (NASD). After defendants lost money because of the failure of the MCA, they filed arbitration claims with the NASD against Schwartz & Co. and certain of its employees. Schwartz & Co., along with one of its employees, Gregory J. Schwartz, then commenced the instant actions to enjoin the arbitration. The trial court granted summary disposition to defendants and dismissed the complaints. Plaintiffs now appeal as of right, and we affirm.

---

[1] "Defendants" in this opinion refers to the investors and not to the National Association of Securities Dealers and related entities.

The main issue raised by plaintiffs in these consolidated appeals is whether the trial court erred in failing to determine the eligibility of defendants' arbitration claims under Rule 10304 of the NASD Code of Arbitration Procedure (NASD code), which states, in part, that "[n]o dispute, claim or controversy shall be eligible for submission to arbitration under the Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy." The trial court concluded that the arbitrator, and not the court, should decide whether defendants' claims fell within the six-year limitation period of Rule 10304. Therefore, the court referred the matters to arbitration.

Whether the arbitrator or the court should apply Rule 10304 to NASD arbitration claims is a question of law, and we review questions of law de novo. *Wills v State Farm Ins Co*, 222 Mich App 110, 114; 564 NW2d 488 (1997). Similarly, we review de novo a trial court's ruling with respect to a summary disposition motion. *Id.*

The United States Supreme Court, in *Howsam v Dean Witter Reynolds, Inc*, 537 US ___; 123 S Ct 588; 154 L Ed 2d 491 (2002), recently addressed the very issue raised by plaintiffs. The Court addressed "whether a court or an NASD arbitrator should apply [Rule 10304] to the underlying controversy." *Howsam, supra*, 123 S Ct 590; 154 L Ed 2d 495. The Court noted that the federal circuit courts had reached different conclusions on the issue, with some holding that the court should apply Rule 10304 because an application of the rule essentially presents a question of the underlying dispute's "arbitrability"—i.e., it involves whether the parties intended to submit a par-

ticular dispute to arbitration. *Howsam, supra*, 123 S Ct 591; 154 L Ed 2d 496-497.

The Court agreed that a "question of arbitrability" is an issue for judicial determination unless the parties unequivocally indicate otherwise. *Id.* It then noted, however, that procedural questions relating to time limits, laches, notice, and other doctrines are generally *not* considered "questions of arbitrability."[2] *Id.*, 123 S Ct 592; 154 L Ed 2d 497-498. The Court indicated that these procedural doctrines are more akin to characteristics of the underlying controversy itself and thus should be decided by the arbitrator. *Id.*, 123 S Ct 593; 154 L Ed 2d 498-499. The Court therefore ruled that the application of Rule 10304 is a question for the arbitrator, stating:

> [T]he NASD arbitrators, comparatively more expert about the meaning of their own rule, are comparatively better able to interpret and to apply it. In the absence of any statement to the contrary in the arbitration agreement, it is reasonable to infer that the parties intended the agreement to reflect that understanding. . . . And for the law to assume an expectation that aligns (1) decisionmaker with (2) comparative expertise will help better to secure a fair and expeditious resolution of the underlying controversy—a goal of arbitration systems and judicial systems alike. [*Howsam, supra*, 123 S Ct 593; 154 L Ed 2d 498.]

In response to the respondent's allegation that the use of the phrase "eligible for submission to arbitration" in Rule 10304 mandates that a court decide the time limit issue, the *Howsam* Court stated:

---

[2] As examples of true "questions of arbitrability" that a court is obligated to decide, the *Howsam* Court mentioned disagreements about whether "an arbitration clause in a concededly binding contract applies to a particular type of controversy" or whether "an arbitration agreement survived a corporate merger and bound the resulting corporation." *Howsam, supra*, 123 S Ct 592; 154 L Ed 2d 497.

> We do not see how that is so. For the reasons stated . . .
> *supra*, parties to an arbitration contract would normally
> expect a forum-based decisionmaker to decide forum-spe-
> cific procedural gateway matters. And any temptation here
> to place special antiarbitration weight on the appearance of
> the word "eligible" in the NASD Code rule is counterbalanced
> by a different NASD rule; that rule states that "arbitrators
> shall be empowered to interpret and determine the applica-
> bility of all provisions under this Code." NASD Code § 10324.
> [*Howsam, supra*, 123 S Ct 593; 154 L Ed 2d 499.]

Accordingly, the Court ruled, "without the help of a special arbitration-disfavoring presumption, we cannot conclude that the parties intended to have a court, rather than an arbitrator, interpret and apply the NASD time limit rule." *Id.*

Here, like in *Howsam*, the parties did not include a provision in their arbitration agreement specifically indicating that a court would apply Rule 10304. Accordingly, for the persuasive reasons discussed in *Howsam*, we conclude that whether defendants' claims are eligible for arbitration under Rule 10304 is a question for the arbitrator, not for the court.

We note that in *Chubb Securities Corp v Manning*, 224 Mich App 702, 705; 569 NW2d 886 (1997), this Court analyzed the substantively identical predecessor to Rule 10304[3] in concluding that the period of limitation of the provision was not subject to tolling for fraudulent concealment. In *Chubb*, as well as in *Todorov v Alexander*, 236 Mich App 464, 468-469; 600 NW2d 418 (1999), this Court essentially assumed that the application of the rule was a question for the court and worded the opinions accordingly. See also

---

[3] Rule 10304 had previously been identified as § 15 of the NASD code. No substantive changes occurred with the renumbering. See *Chubb, supra* at 705, n 1.

*First of Michigan Corp v Trudeau*, 237 Mich App 445, 454; 603 NW2d 116 (1999) (involving Rule 603 of the New York Stock Exchange arbitration code [NYSE code], which is identical in substance to Rule 10304 of the NASD code). However, none of these cases involved the specific question raised in the instant appeal—i.e., whether the court or the arbitrator should apply Rule 10304 and analogous rules. Therefore, we do not consider *Chubb*, *Todorov*, or *First of Michigan* to be binding precedent for purposes of MCR 7.215(I)(1). Moreover, *Chubb*, in particular, relied on cases whose rationales have effectively been superseded by the recent *Howsam* case. Accordingly, we remain convinced that the persuasive holding set forth in *Howsam* should be applied to the instant case.[4]

The trial court correctly denied plaintiffs' request to enjoin arbitration and their accompanying request for a preliminary injunction.[5]

Affirmed.

---

[4] We also note that in *Amtower v William C Roney & Co (On Remand)*, 232 Mich App 226, 237-239; 590 NW2d 580 (1998), this Court mentioned former § 15 of the NASD code and Rule 603 of the NYSE code in analyzing a limitation period contained in the parties' arbitration agreement. Any statements regarding former § 15 or Rule 603 contained in *Amtower*, however, clearly constitute nonbinding obiter dictum, because the Court explicitly pointed out that those provisions differed from the arbitration language at issue in *Amtower* and that cases interpreting former § 15 and Rule 603 were thus inapplicable to its analysis. See *Amtower, supra* at 238-239. Moreover, the *Amtower* Court specifically noted the split in federal circuits regarding whether the court or the arbitrator should apply former § 15. *Amtower, supra* at 238, n 7.

[5] We note that the trial court decided issues below other than the issue resolved in this appeal. However, because plaintiffs did not brief these additional issues on appeal, we deem them abandoned. See *People v Kent*, 194 Mich App 206, 210; 486 NW2d 110 (1992). We similarly deem abandoned defendants' requests for costs and attorney fees, given that defendants have cited no supporting authority for the requests. See, generally, *Community Nat'l Bank of Pontiac v Michigan Basic Prop Ins Ass'n*, 159 Mich App 510, 520-521; 407 NW2d 31 (1987).