**Kenneth OSLER, Plaintiff–Appellant,**

v.

**Pamela WARE, Defendant–Appellee.**

No. 96–1184.

United States Court of Appeals,
Sixth Circuit.

Argued April 28, 1997.

Decided May 23, 1997.

Steve J. Weiss (argued and briefed), Hertz, Schram & Saretzky, Bloomfield Hills, MI, for Petitioner–Appellant.

Walter L. Baumgardner, Jr. (argued and briefed), Musilli & Baumgardner, St. Clair Shores, MI, for Respondent–Appellee.

Before: GUY, MOORE, and COLE, Circuit Judges.

**OPINION**

MOORE, Circuit Judge.

Kenneth Osler appeals the district court's order concluding that (1) a properly pleaded claim of fraudulent concealment can toll the running of the six-year eligibility provision in § 15 of the NASD Code of Arbitration Procedure and that (2) Pamela Ware's claim that Osler engaged in fraudulent concealment was an issue for an arbitrator, not a court, to decide. We reverse.

## I

Pamela Ware opened several accounts at Thomson McKinnon Securities, Inc. ("TMS") in December 1984. At TMS, Kenneth Osler was her account representative. In conjunction with the opening of the accounts, Ware signed an agreement that account-related disputes would be subject to arbitration. Over the years, Ware purchased a wide array of investments through TMS. Many of these investments apparently turned sour, causing Ware to lose much of the principal she had invested.

On February 3, 1993, Ware filed a claim with the National Association of Securities Dealers, Inc. ("NASD"), alleging various state and federal causes of action. In response, Osler filed a motion in federal district court to enjoin the arbitration of most of Ware's claims on the ground that these claims were barred by the six-year eligibility provision in § 15 of the NASD Code of Arbitration Procedure, which was incorporated into the parties' contract. That section provides:

No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

While Osler's motion was pending, the NASD Director of Arbitration issued an opinion letter regarding Ware's claims, which provided that "[c]laims regarding purchases made prior to February 3, 1987 will be permitted to go to the arbitrators but only as to allegations of wrongdoing made after February 3, 1987. All allegations of wrongdoing prior to February 3, 1987 are not eligible." J.A. at 46. Osler then voluntarily dismissed the federal action based on his impression that Ware would be complying with the NASD letter and thus would not be pursuing damages stemming from pre-February 3, 1987 wrongdoing. Just prior to a scheduled arbitration hearing on November 1, 1995, Ware's counsel apparently informed Osler's counsel that Ware still maintained that she could recover damages from all transactions, even those occurring before February 3, 1987. In light of this revelation, Osler filed a new declaratory judgment action in federal district court to enjoin the stale claims.

The district court concluded that all claims arising out of transactions occurring before February 3, 1987 were barred from the NASD proceeding unless Osler fraudulently concealed these claims. J.A. at 136 (District Ct. Order at 2). The court then concluded that "whether Kenneth Osler fraudulently concealed the presence of claims from Pamela Ware is one for the arbitrators to decide." *Id.* This timely appeal ensued.

## II

Because the parties are of diverse citizenship and the requisite minimum amount is in controversy, the district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See Smith Barney, Inc. v. Sarver,* 108 F.3d 92, 94–95 (6th Cir.1997) (stating that while the Federal Arbitration Act does not supply an independent basis of jurisdiction, diversity jurisdiction can provide a basis for federal jurisdiction over claims involving the arbitrability of disputes). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III

Subsequent to the district court's decision, we issued two decisions that resolve most of the issues in this case in favor of Osler. In *Sarver* we reaffirmed the conclusion that the application and scope of § 15 of the NASD Code is an issue for the court to decide. 108 F.3d at 95–98. Additionally, in *Ohio Co. v. Nemecek,* 98 F.3d 234, 239 (6th Cir.1996), we concluded that "[New York Stock Exchange] Rule 603 is an eligibility provision not subject to tolling...." Because we have also concluded that "Rule 603 of the NYSE and Section 15 of the NASD Code are identical in both text and application," *Dean Witter Reynolds, Inc. v. McCoy,* 995 F.2d 649, 651 (6th Cir.1993), our holding in *Nemecek* applies equally to the present dispute. On remand, therefore, the district court should disregard Ware's claims of fraudulent concealment in determining

whether the six-year period has run and enjoin the arbitration of all of Ware's claims that arose more than six years before the filing of Ware's arbitration claim.

■ Unfortunately, Ware's statement of claim filed with the NASD is far from clear. It does, however, suggest that at least some of her claims remain viable. It alleges that Osler traded on Ware's account from 1985 until at least August 1992. Moreover, some of the claims appear to be based on wrongdoing occurring after the initial investments were made. For instance, Ware contends that Osler falsely represented the value of many of her investments on her monthly statement. She also contends that Osler engaged in "churning," a cause of action that only arises after trading becomes excessive. In these instances, "the occurrence or event giving rise to the act or dispute, claim or controversy" would not be the initial investment.

Although counsel for Osler contended at oral argument that the only relevant date for determining whether a claim is time-barred is when the initial investment was made, this theory does not comport with either the "occurrence or event" language contained in § 15 or the caselaw that has developed thereunder. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen,* 62 F.3d 381, 385 (11th Cir.1995) ("If the Cohens prove that Merrill Lynch reported false values for their investments through bogus statements, then Merrill Lynch's act of sending the false statements, rather than the initial purchase of the investments, may be the occurrence or event giving rise to their claims.") (footnote omitted); *PaineWebber Inc. v. Hofmann,* 984 F.2d 1372, 1380 (3d Cir.1993) (recognizing that numerous claims may arise after the initial purchase of the investment at issue).[1] Accepting Osler's proposed approach would create situations in which certain claims would be barred before they even arose. Needless to say, we refuse to interpret the "occurrence or event" language, which does not otherwise suggest that the purchase date always triggers the running of the six-year period, in this manner.

Because Ware's statement of claim does not list the specific transactions complained of, the dates on which those transactions took place, or "the occurrence or event giving rise to the act or dispute, claim, or controversy," the district court should afford her the opportunity to list each claim and the occurrence or event giving rise to such claim. The court then should analyze these claims to determine which claims are time-barred. *See Cohen,* 62 F.3d at 385 ("[T]he district court should examine each of the Cohens' claims in order to determine what is the 'occurrence or event' giving rise to that claim. The court should then determine if more than six years has elapsed from that event and send any claims that remain viable to arbitration."); *Hofmann,* 984 F.2d at 1380 ("[O]n remand Hoffman should list each specific claim or theory of recovery [he] plans to assert in arbitration. The district court should then conduct a hearing, with the introduction of extrinsic evidence, if necessary, to determine which of these specific claims are and which are not arbitrable.").

For the foregoing reasons, we **REVERSE** the decision of the district court and **REMAND** for further proceedings consistent with this opinion.

---

1. The conclusions reached in *Cohen* and *Hofmann* in no way depended on the availability of equitable tolling in disputes concerning § 15. Indeed, similar to our conclusion in *Nemecek,* the Third and Eleventh Circuits have concluded that the running of the six-year period in § 15 cannot be suspended by fraudulent concealment, *Cohen,* 62 F.3d at 385 n. 4; *Hofmann,* 984 F.2d at 1379, and we cited both *Cohen* and *Hofmann* with approval in *Nemecek.* As the court in *Cohen* stated: "Courts have concluded that because section 15 is an eligibility requirement rather than a procedural statute of limitations, claims are not subject to equitable tolling. Although we believe this principle to be correct, it fails to resolve the question: *what* was the occurrence or event that gave rise to the Cohens' claims." *Cohen,* 62 F.3d at 385 n. 4 (internal citations omitted).