INSURANCE COMMISSIONER v AAGESON THIBO AGENCY

Docket No. 191342. Submitted April 9, 1997, at Lansing. Decided November 7, 1997, at 9:00 A.M. Leave to appeal sought.

In February and March of 1994, the Insurance Commissioner, in the capacity of liquidator, and the American Commercial Liability Insurance Company, an insurance company that was in liquidation pursuant to the provisions of chapter 81 of the Insurance Code, MCL 500.8101 *et seq.*; MSA 24.18101 *et seq.*, filed complaints in the Ingham Circuit Court against the Aageson Thibo Agency and other former agents of American Commercial, seeking recovery of the unearned commissions that had been paid to the defendants during the year preceding the entry of the March 2, 1992, order of liquidation of American Commercial on the basis that those commissions were preferential transfers recoverable under § 8128 of the Insurance Code, MCL 500.8128; MSA 24.18128. In June 1994, the Legislature amended § 8128, expressly exempting in proceedings commenced after January 1, 1990, the recovery of agents' commissions as preferential transfers. Thereafter, on February 7, 1995, the plaintiffs filed amended complaints in which they stated that their claims to recover the commission payments were being brought pursuant to § 8121(1) of the Insurance Code, MCL 500.8121(1); MSA 24.18121(1), which grants the Insurance Commissioner in the role as liquidator of an insurance company authority to "collect all debts and money due" the insolvent insurer, and § 8133(1) of the Insurance Code, MCL 500.8133(1); MSA 24.18133(1), which grants the Insurance Commissioner the right to recover from an agent of an insolvent insurer "any part of an unearned premium" held by the agent that represents the agent's commission. The court, William E. Collette, J., granted summary disposition for the defendants, finding that the two-year period of § 8128(2) of the Insurance Code, MCL 500.8128(2); MSA 24.18128(2), was a statute of limitation with respect to actions brought under the provisions of the Insurance Code, that the two-year period was applicable to the plaintiffs' claims, that the statutory period began to run on the date the order of liquidation was entered, and that, because the plaintiffs' amended complaints were not filed within two years of the entry of the order of liquidation, the plaintiffs' claims in the amended complaints were barred. The plaintiffs appealed.

The Court of Appeals *held*:

1. Section 8124(2) provides that a liquidator of an insurer may institute an action or proceeding on behalf of the estate of the insurer "within 2 years" after entry of an order of liquidation or within "such time in addition to 2 years as applicable law may permit." The statute thus has two separate and distinct functions: it acts as a statute of limitation with a two-year period of limitation for actions brought pursuant to the provisions of the Insurance Code, and it serves to extend by two years the time within which a liquidator may bring a claim that is subject to some other limitation period.

2. Despite the plaintiffs' attempt to suggest that the claims for agents' commissions were contract actions, personal actions, or actions for money obligations founded on a judgment, all of which are subject to some other specific limitation period, the sole authority of the liquidator of an insurance company to recover commissions from agents of an insurer in liquidation is § 8133 of the Insurance Code. Accordingly, the trial court properly held that the plaintiffs' claims were subject only to the two-year period of limitation applicable to claims brought under the provisions of the Insurance Code and that the claims raised in the amended complaints were barred by reason of the failure to bring those claims in a timely manner.

Affirmed.

INSURANCE — LIQUIDATION OF INSURANCE COMPANIES — LIMITATION OF ACTIONS.

The provision of the chapter of the Insurance Code relating to liquidation of insurance companies that sets forth temporal limits within which the liquidator must bring certain claims has two separate and distinct functions: it acts as a statute of limitation with a two-year period of limitation for actions brought pursuant to the provisions of the Insurance Code, and it extends by two years the time within which a liquidator may bring a claim that is subject to some other limitation period (MCL 500.8128[2]; MSA 24.18128[2]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Joseph A. Fink, Jeffery V. Stuckey*, and *David E. Pierson*), Special Assistant Attorneys General, for the plaintiffs.

*Mika, Meyers, Beckett & Jones, P.L.C.* (by *Michael A. Zagaroli*), for the defendants.

Before: Michael J. Kelly, P.J., and Wahls and Gage, JJ.

Per Curiam. In this action to recover insurance policy commissions paid to defendants, plaintiffs American Commercial Liability Insurance Company (ACLIC), in liquidation, and the Insurance Commissioner, in his capacity as liquidator, appeal as of right from the Ingham Circuit Court's order granting summary disposition to defendants pursuant to MCR 2.116(C)(7). The court applied the two-year statute of limitation set forth in MCL 500.8124(2); MSA 24.18124(2) and found that plaintiffs' claims were time-barred. We affirm.

Pursuant to his authority under chapter 81 of the Insurance Code governing the supervision, rehabilitation, and liquidation of insolvent insurance companies, MCL 500.8101 *et seq.*; MSA 24.18101 *et seq.*, the Insurance Commissioner commenced liquidation proceedings against ACLIC in the Ingham Circuit Court.[1] The court ordered ACLIC into liquidation on March 2, 1992. In February and March of 1994, plaintiffs filed complaints against defendants, the former agents of ACLIC, claiming that the commission payments made to defendants during the year preceding the order of liquidation constituted preferential transfers recoverable under MCL 500.8128; MSA 24.18128. In June 1994, the Legislature enacted 1994 PA 226, in which it amended the preference provisions of the Insurance Code to exempt expressly agents' commissions from recovery as preferential transfers in proceedings com-

---

[1] The Ingham Circuit Court has supervisory authority, as receivership court, over insurance company liquidations. MCL 500.8104(3); MSA 24.18104(3).

menced after January 1, 1990.[2] On November 18, 1994, plaintiffs moved to amend the complaints. Following the trial court's grant of leave to amend, plaintiffs filed amended complaints on February 7, 1995, in which they stated that their actions to recover the commission payments were being brought pursuant to MCL 500.8121(1); MSA 24.18121(1) and MCL 500.8133; MSA 24.18133.

MCL 500.8121(1)(f); MSA 24.18121(1)(f) grants the Insurance Commissioner broad powers, in his role as liquidator of an insurance company, including the power to "collect all debts and money due and claims belonging to the insurer, wherever located." MCL 500.8133(1); MSA 24.18133(1) provides in pertinent part:

> An agent, premium finance company, or any other person, other than the insured, responsible for the payment of a premium held by him or her shall be obligated to pay any unpaid earned premium due the insurer at the time of insolvency. The liquidator shall also have the right to recover from that person any part of an unearned premium that represents that person's commission.

The Ingham Circuit Court granted summary disposition for defendants, concluding that the two-year limitation period in MCL 500.8124(2); MSA 24.18124(2) was applicable to plaintiffs' claims. MCL

---

[2] MCL 500.8128(15); MSA 24.18128(15) provides:

For delinquency proceedings commenced after January 1, 1990, and notwithstanding any other provision of law, commissions paid to insurance agents or agencies by an insurer in the ordinary course of business at a time when the insurer was authorized to transact such business are not recoverable unless the agent or agency is affiliated with the insurer or produces more than 10% of the insurer's premium.

500.8124(2); MSA 24.18124(2) provides in pertinent part:

> The liquidator may, upon or after an order for liquidation, *within 2 years or such time in addition to 2 years as applicable law may permit*, institute an action or proceeding on behalf of the estate of the insurer upon any cause of action against which the period of limitation fixed by applicable law has not expired at the time of the filing of the petition upon which the order is entered. (Emphasis added.)

The court determined that because plaintiffs did not file their amended complaints within two years of the liquidation order, the claims were time-barred. In granting summary disposition to defendants, the court stated:

> It's my opinion that the cause of action in this matter was created by the statute. And that the agents should have been sued within the two-year period, otherwise, I can't imagine any cases where there would be a two-year period for this statute to have any effect. There was no six-year period running. There was no period created or anything other than the two-year period created here.

>            *     *     *

> [T]his action was created solely by the actions of ACLIC in going insolvent. . . . . This was not an independent personal action. . . . It is still a statutorily created action that the two years applies to. If they had already been suing these people for returning a premium because of some other breach, sure, you've got your time. But you don't have that here. . . . That's the court's opinion on this.

This Court reviews a circuit court's grant of summary disposition de novo. *Citizens Ins Co of America v Buck*, 216 Mich App 217, 221; 548 NW2d 680 (1996). Whether a cause of action is barred by the statute of

limitations is a question of law that is reviewed under the same standard. *Moll v Abbott Laboratories*, 444 Mich 1, 26; 506 NW2d 816 (1993).

Plaintiffs present two distinct arguments to preserve their claims. First, they contend that MCL 500.8124(2); MSA 24.18124(2) is merely a tolling statute, which extends any open statute of limitation for a period of two years and preserves any actions that may have been on the verge of being barred when the order of liquidation was entered. In other words, plaintiffs argue that the Legislature intended that § 8124 always give a liquidator more time to bring a claim on behalf of the liquidating insurer and that the section does not itself serve as a separate statute of limitation.

Next, plaintiffs contend that one of three alternative theories of recovery are "applicable law" within the meaning of MCL 500.8124(2); MSA 24.18124(2) and that longer limitation periods therefore should be applied to their claims against defendants. They argue that their claims were actually one of the following: contract actions subject to the six-year limitation period provided in MCL 600.5807(8); MSA 27A.5807(8), personal actions with a six-year limitation period as provided in MCL 600.5813; MSA 27A.5813, or claims to enforce a noncontractual money obligation founded upon a judgment with a ten-year limitation period as provided in MCL 600.5809; MSA 27A.5809.

We disagree with each of plaintiffs' arguments and do not find that any of the suggested alternative theories of recovery apply to plaintiffs' claims. We hold that the Ingham Circuit Court properly determined that the two-year statute of limitation provided by

MCL 500.8124(2); MSA 24.18124(2) barred plaintiffs' claims against these defendants.

Initially we reject plaintiffs' argument that this statute is merely a tolling provision that allows two years to be added to any other applicable statute of limitation. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). The Legislature is presumed to have intended the meaning it plainly expressed. *Institute in Basic Life Principles, Inc v Watersmeet Twp (After Remand)*, 217 Mich App 7, 12; 551 NW2d 199 (1996). The first criterion in determining intent is the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). MCL 500.8124(2); MSA 24.18124(2) states that claims in a liquidation proceeding must be brought "within 2 years" or "such time in addition to 2 years as applicable law may permit." This language plainly provides a limitation period of two years for actions brought under the Insurance Code but acknowledges that another limitation period, provided by other applicable law, may apply to claims brought during a liquidation proceeding. In other words, the Legislature intended that § 8124 act as both a two-year statute of limitation for actions brought pursuant to chapter 81 of the Insurance Code and as a tolling provision for actions in which applicable law provides a different limitation period.

We further find that plaintiffs' claims against defendants clearly fall within the ambit of the statute of limitation function of MCL 500.8124(2); MSA 24.18124(2). In determining whether an action is of a

type subject to a particular statute of limitation, we look at the basis of the plaintiffs' allegations. *Aldred v O'Hara-Bruce*, 184 Mich App 488, 490; 458 NW2d 671 (1990). The type of interest allegedly harmed is the focal point in determining which limitation period controls. *Id.* Statutes that relate to the same subject or share a common purpose are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *State Treasurer v Schuster*, 215 Mich App 347, 352; 547 NW2d 332 (1996). Plaintiffs brought their causes of action against defendants pursuant to the Insurance Commissioner's authority under chapter 81 of the Insurance Code, which governs the supervision, rehabilitation, and liquidation of insurance companies. The interest allegedly harmed was that of the liquidator in marshaling the assets of the corporation in liquidation. Reading the statutes in chapter 81 together, we find that the Legislature plainly intended the two-year statute of limitation set forth in MCL 500.8124(2); MSA 24.18124(2) to apply under circumstances such as these.

Moreover, it is reasonable to conclude that, in the present case, the authority of the liquidator to recover commissions arises solely out of MCL 500.8133; MSA 24.18133. We reject plaintiffs' argument that their claims to recover commissions paid to defendants are contractual in nature. The standardized contract between ACLIC and its former agents contains no provision whatsoever requiring agents to return the unearned portion of their commissions. Although plaintiffs argue that the parties' course of dealing resulted in a modification of that contract such that agents typically returned the unearned portion of the

commission in the event of a policy cancellation, there is no contractual interest declared in the complaint, nor were any of the elements of breach of contract alleged. Rather, the complaint plainly and solely alleges a cause of action brought pursuant to chapter 81 of the Insurance Code. Therefore, the six-year period of limitation for contract actions set forth in MCL 600.5807(8); MSA 27A.5807(8) does not apply to plaintiffs' claims and does not extend the limitation period. *Aldred, supra* at 490-491; *Barnard v Dilley*, 134 Mich App 375, 378; 350 NW2d 887 (1984).

Plaintiffs also argue that their claims are subject to the general six-year limitation period for personal actions set forth in MCL 600.5813; MSA 27A.5813, which provides: "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." Our Supreme Court in *Detroit v Walker*, 445 Mich 682, 705; 520 NW2d 135 (1994), expressly characterized MCL 600.5813; MSA 27A.5813 as the statute of limitation applicable to personal actions "not otherwise provided for." Plaintiffs cannot rely on the six-year limitation period provided in this statute because MCL 500.8124(2); MSA 24.18124(2) provides a directly applicable statutory limitation period for claims brought pursuant to chapter 81 of the Insurance Code.

We note that a panel of this Court held that the six-year period of limitation of MCL 600.5813; MSA 27A.5813 applied to a no-fault insurer's counterclaim against chiropractors to recover overcharges and reimbursements for charges outside the scope of chiropractic, rather than the one-year statute of limitation provided in the no-fault act for an action to

recover benefits paid under the act. *Hoffman v Auto Club Ins Ass'n*, 211 Mich App 55, 115-117; 535 NW2d 529 (1995). However, we find the present case distinguishable from *Hoffman*, in which this Court determined that the no-fault statutory limitation period applied only to actions for the recovery of benefits payable under the act and the moneys sought to be recovered were not benefits payable under the act. *Id.* at 116. In contrast, MCL 500.8133; MSA 24.18133 of the Insurance Code expressly authorizes an action by the liquidator to recover the unearned portion of paid commissions. The two-year limitation period provided in the Insurance Code is thus directly applicable.

Moreover, in other authority cited by plaintiffs to support their contention that the six-year limitation period provided in MCL 600.5813; MSA 27A.5813 applied to their claims, there was also no other directly applicable statutory limitation period. For example, plaintiffs note that a panel of this Court held in *Great Lakes Gas Transmission Co v State Treasurer*, 140 Mich App 635, 650; 364 NW2d 773 (1985), that collection actions brought by government departments and officers can be personal actions; however, that panel also expressly found that the parties could rely on MCL 600.5813; MSA 27A.5813 only because the Legislature had "abandoned any particular limitation period in the Business Corporation Act." Other cited case law demonstrates that MCL 600.5813; MSA 27A.5813 applies to a claim only when there is no directly applicable statute of limitation. Therefore, because MCL 500.8124(2); MSA 24.18124(2) is directly applicable to plaintiffs' claims, their arguments in this regard fail.

Finally, plaintiffs' reliance on the ten-year limitation period for actions to enforce noncontractual money obligations based on a judgment or decree is also misplaced. MCL 600.5809(3);   MSA 27A.5809(3), before its amendment by 1996 PA 275,  provided that "the period of limitations is 10 years for actions founded upon judgments or decrees rendered in a court of record . . . from the time of the rendition of the judgment." Plaintiffs contend that the rights and liabilities of the parties became fixed when the liquidation order was entered and that defendants therefore became obligated to reimburse plaintiffs for unearned commissions on that date. We disagree. There has been no finding by a court of law that defendants owed plaintiffs any money. The order of liquidation merely provided the liquidator with the authority to pursue certain actions on behalf of the liquidating insurer. Therefore, the statutory limitation period of MCL 600.5809(3);  MSA 27A.5809(3)  is inapplicable because there was no money judgment against defendants.

In summary, we find that MCL 500.8124(2);   MSA 24.18124(2)  operates as both a two-year statute of limitation for actions brought pursuant to chapter 81 of the Insurance Code and as a tolling provision for actions brought by the Insurance Commissioner on behalf of a liquidating insurance company pursuant to other applicable law. Plaintiffs' claims against defendants,  brought pursuant to MCL 500.8121(1);   MSA 24.18121(1)  and MCL 500.8133;  MSA 24.18133,  fall clearly within the ambit of the two-year limitation period. We are not persuaded by plaintiffs' attempts to characterize the claims as actions on a contract, personal actions, or claims to enforce noncontractual

money obligations founded upon a judgment. The Ingham Circuit Court did not err in granting summary disposition for defendants.

Affirmed.