## TODOROV v ALEXANDER

Docket No. 208340. Submitted June 16, 1999, at Detroit. Decided June 29, 1999, at 9:10 A.M.

Christian R. Todorov brought an action in the Oakland Circuit Court against William Boyd Alexander, individually and doing business as Matrix Consulting Group, and Royal Alliance Associates, Inc., alleging that the defendants failed to report the true value of his investment account and engaged in account churning, i.e., excessive trading in his account merely to generate commissions for the defendants, over several years. After the plaintiff stipulated that his claims were subject to arbitration pursuant to the National Association of Securities Dealers Code of Arbitration Procedure, the defendants moved for summary disposition on the basis that, pursuant to § 15 of the NASD Code, the claims were no longer eligible for arbitration because more than six years had elapsed from the occurrence or event giving rise to the claims. The defendants contended that the triggering occurrence or event was the plaintiff's initial purchase of investments. The plaintiff argued that some of his claims related to acts by the defendants that occurred within six years of the action and that those claims were not barred by § 15 of the NASD Code. The court, Robert C. Anderson, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held*:

The occurrence or event giving rise to a claim is not the initial investment where, as in this case, the plaintiff claims that the value of his investments were falsely represented in periodic account statements and that the defendants engaged in account churning. This case must be remanded to allow the plaintiff an opportunity to list the specific transactions or conduct of the defendants complained of, the dates on which those transactions or that conduct took place, or the occurrence or event on which his claims are based. Those claims that are not time-barred under § 15 of the NASD Code are to be submitted to arbitration.

Reversed and remanded.

ARBITRATION — NATIONAL ASSOCIATION OF SECURITIES DEALERS CODE OF ARBITRATION PROCEDURE — SIX-YEAR ELIGIBILITY PERIOD — FALSE ACCOUNT STATEMENTS — ACCOUNT CHURNING.

> No dispute, claim, or controversy is eligible for submission to arbitration under the National Association of Securities Dealers Code of Arbitration Procedure where six years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy; the occurrence or event giving rise to a claim is not the initial investment where the investor claims that the value of investments were falsely represented in periodic account statements and that the dealer engaged in account churning, i.e., excessive trading in the account merely to generate commissions.

*Munro and Munro, P.C.* (by *Andrew J. Munro* and *Michael D. Kennedy*), for the plaintiff.

*Bodman, Longley & Dahling LLP* (by *Dennis J. Levasseur* and *Charles S. Hegarty*), for the defendants. `

Before: BANDSTRA, C.J. and WHITBECK and TALBOT, JJ.

PER CURIAM. Plaintiff Christian R. Todorov appeals as of right the trial court's order granting summary disposition in favor of defendants. We reverse and remand.

### I. BASIC FACTS AND PROCEDURAL HISTORY

Todorov was injured in an automobile accident when he was nineteen-years-old. Ensuing litigation resulted in an award of which Todorov received approximately $450,000. Todorov met with defendant William Boyd Alexander sometime in 1987 for the purpose of seeking investment advice. Todorov stated his financial goals as being security, low-risk investing, and long-term growth. Todorov claims to have suffered nearly $187,444 in losses through defendants' choices of unsuitable investments. Todorov also claims that, over the years, defendants have failed to report the true value of Todorov's account and his investments, and that defendants are guilty of "churn-

ing" his account, i.e., excessive buying and selling merely to generate commissions for the defendant.

After Todorov stipulated that his claims were subject to arbitration pursuant to the arbitration clause contained in the parties' customer account agreement, defendants moved for summary disposition on the basis that Todorov's claims were no longer eligible for arbitration under the six-year eligibility period of § 15 of the National Association of Securities Dealers Code of Arbitration Procedure. Section 15 states:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This Rule shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Defendants, in their motion for summary disposition, argued that the date of the initial purchase was the triggering "occurrence or event" to be used by the court when determining whether Todorov's claims arose more than six years before the filing of Todorov's complaint.

In opposing summary disposition, Todorov conceded that his claims based on investments made more than six years before the filing of his complaint were no longer eligible for arbitration. However, he argued that he also alleged continuing acts that arose after the investments were made and that those claims were not time-barred. Specifically, Todorov claimed that defendants filed false periodic account statements misrepresenting the value of his account and investments. Defendants argued that Todorov's accusation amounted to a false concealment claim,

which, under this Court's decision in *Chubb Securities Corp v Manning*, 224 Mich App 702; 569 NW2d 886 (1997), did not toll the eligibility period. The trial court reasoned that, as with a false concealment claim, none of Todorov's claims sought recovery for acts that occurred after the initial investments tolled the eligibility period and, therefore, all of Todorov's claims were time-barred. Ultimately, the trial court granted summary disposition and dismissed Todorov's complaint with prejudice.

## II. STANDARD OF REVIEW

We review a circuit court's grant of summary disposition de novo. *Ins Comm'r v Aageson Thibo Agency*, 226 Mich App 336, 340; 573 NW2d 637 (1997); *Citizens Ins Co of America v Buck*, 216 Mich App 217, 221; 548 NW2d 680 (1996). Whether a cause of action is barred by the statute of limitations is, absent disputed issues of fact, a question of law that we review under the same standard. *Moll v Abbot Laboratories*, 444 Mich 1, 26; 506 NW2d 816 (1993); *Aageson Thibo Agency, supra* at 340-341.

## III. THE TRIGGERING EVENT UNDER § 15 OF THE NASD CODE

In addressing the issue of § 15 of the NASD Code in *Chubb*, this Court was not faced with a situation where the plaintiff claimed damages resulting from acts that occurred after the initial investment. This Court addressed only whether § 15 was a statute of limitations subject to equitable tolling on the basis of a claim of fraudulent concealment where the investor claimed only that she had been fraudulently induced into making certain investments. Following federal

precedent, this Court held that it was not. The United States Court of Appeals for the Sixth Circuit, however, has specifically addressed whether the date of initial investment is always the "occurrence or event" that gives rise to a party's claim, thus triggering the eligibility period. *Osler v Ware*, 114 F3d 91 (CA 6, 1997).

In *Osler*, the plaintiff alleged that the defendant falsely represented the value of many of her investments on her monthly statement. She also claimed that the defendant was engaged in "churning" her account, a cause of action that arises only after trading becomes excessive. The court ruled that, in these instances, " 'the occurrence or event giving rise to the act or dispute, claim or controversy' would not be the initial investment." *Id.* at 93. The court dismissed the defendant's argument that the only relevant date for determining whether a claim is time-barred is when the initial investment was made and held that neither the language of § 15 nor the case law that has developed supported the defendant's theory. *Id.*, quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc v Cohen*, 62 F3d 381, 385 (CA 11, 1995), and citing *Paine Webber, Inc v Hofmann*, 984 F2d 1372, 1380 (CA 3, 1993).

As did the *Osler* court, we find that Todorov's complaint suggests that at least some of his claims remain viable. *Id.* at 92. On remand, the trial court should afford Todorov an opportunity to list the specific transactions or conduct of defendants complained of, the dates on which those transactions or that conduct took place, or the "occurrence or event" on which his claims are based. The trial court should then conduct an analysis of each claim to determine whether it is

time-barred. Those that are not time-barred, if any, shall be sent to arbitration under the NASD Code.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.