Saad, J.
 

 
 *447
 
 i
 

 NATURE OF THE CASE
 

 The arbitration codes for each of the securities self regulatory organizations, including the New York Stock Exchange (nyse), provide that the investor is contractually obliged to bring an arbitral claim against his broker within six years of the alleged wrongful conduct (“event giving rise to the claim”). Our Court has held that an identically worded six-year rule is not a statute of limitation, but rather an eligibility rule that will not be subject to equitable tolling principles.
 
 Chubb Securities Corp v Manning,
 
 224 Mich App 702, 708-709; 569 NW2d 886 (1997). Accordingly, claims of fraudulent concealment will not toll the six-year eligibility period.
 
 Id.
 
 Therefore, an investor who claims that a broker induced him to make an unsuitable investment must demand arbitration within six years of the investment or lose his right to arbitrate—even if the broker’s fraudulent concealment prevented the investor from discovering that the investment was unsuitable within the six-year period.
 

 Here, the investors-defendants Joseph and Helen Trudeau alleged in their arbitration demand that plaintiffs intentionally misstated the value of their investments by supplying them with an inaccurate statement. Although the Trudeaus made the investments more than six years before they demanded arbitration, they allege that plaintiffs made the alleged material misrepresentations within the six-year eligibility period. The Trudeaus contend that plaintiffs’ issuance of inaccurate financial statements constitute new and distinct wrongdoings and that their claim
 
 *448
 
 was therefore eligible under the six-year rule. The identical question raised here by the Trudeaus was recently answered by the Sixth Circuit Court of Appeals in
 
 Osier v Ware,
 
 114 F3d 91 (CA 6, 1997). There, as here, the investor claimed that the broker’s periodic financial statements misrepresented the value of the investor’s portfolio. The investor in
 
 Osier,
 
 like the Trudeaus here, argued that the misrepresentation was a separate and distinct wrongful act that triggered a new six-year eligibility period. The broker in
 
 Osier,
 
 as here, asserted that any claim must relate to the original investment and should therefore be precluded by the six-year rule if not made within six years of the original investment. Recently, this Court adopted the reasoning and holding of
 
 Osier
 
 and held that the six-year rule did not preclude arbitration claims for misconduct that occurred
 
 after
 
 the initial investment, such as account “churning” and misrepresentation of an investment’s performance.
 
 Todorov v Alexander,
 
 236 Mich App 464; 600 NW2d 418 (1999). Accordingly, we find that postinvestment claims regarding the misrepresentation of the value of the investor’s portfolio is a separate “event giving rise to” a new claim, thereby triggering a new six-year eligibility period. We therefore remand to the trial court for determination of which of defendants’ claims are eligible for arbitration under the six-year rule.
 

 n
 

 FACTS AND PROCEEDINGS
 

 The controlling facts are not in dispute. Plaintiff First of Michigan Coiporation is a securities broker/dealer. Plaintiff John Amrozi is First of Michigan’s
 
 *449
 
 registered representative who was assigned to the joint investment account owned by defendants. Utilizing plaintiffs’ services, defendants made several investments in limited partnerships through plaintiffs between November 6, 1985, and December 21, 1988. Defendants signed an account agreement that included a predispute uniform submission agreement for NYSE arbitration. According to the terms of the arbitration agreement, defendants were bound by the NYSE arbitration rules, including Rule No 603:
 

 No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.
 

 In October 1995, defendants initiated an arbitration action against plaintiffs in the NYSE. In the arbitration claim, defendants alleged, inter alia, that plaintiffs made repeated and continuing misrepresentations and committed new acts of misconduct after defendants purchased the investments. Plaintiffs moved to enjoin arbitration pursuant to Rule 603, arguing that all of defendants’ arbitration claims were ineligible pursuant to the six-year rule. The trial court granted plaintiffs’ motion with respect to all of defendants’ claims except paragraph 1106) of their first amended statement of claim, which reads as follows:
 

 Many times over the years, [defendants] asked for a “portfolio” showing all of their investments and their current value. Each time Mr. Amrozi would say “OK - it’s in the mail”. The “portfolio” never arrived until after the request was made in writing by letter dated October 7, 1994. . . .
 
 *450
 
 What was eventually delivered was itself fraudulent and misleading.
 

 Plaintiffs maintained that this claim, as well as the others, was rendered ineligible because it was filed more than six years after the investments had been purchased. Plaintiffs averred that the trial court was bound to bar the arbitration under the rule announced in
 
 Chubb.
 
 The trial court, however, concluded that this claim was predicated on events that occurred within the six-year period preceding the defendants’ filing of the claim and that
 
 Chubb
 
 was therefore distinguishable. Plaintiffs now appeal, and we affirm the judgment of the trial court.
 

 in
 

 ANALYSIS
 

 Plaintiffs argue on appeal that the trial court failed to follow Michigan law when it refused to bar all of defendants’ claims as ineligible for arbitration. We disagree.
 

 Plaintiffs contend that the trial court failed to follow the binding precedent of
 
 Chubb
 
 when deciding this case and, therefore, failed to afford
 
 Chubb
 
 the precedential effect required by MCR 7.215(C)(2). However, because
 
 Chubb
 
 is factually distinguishable from the present case, the trial court was not required to arrive at the same conclusion that this Court reached in
 
 Chubb. Chambers v Midland Country Club,
 
 215 Mich App 573, 578; 546 NW2d 706 (1996). Furthermore, this Court recently elaborated on the reasoning in
 
 Chubb
 
 and held that
 
 Chubb
 
 did not apply where the investor complained of conduct
 
 *451
 
 that took place
 
 after
 
 the initial investment was made.
 
 Todorov, supra.
 

 In
 
 Chubb,
 
 the parties’ arbitration dispute was governed by the National Association of Securities Dealers Code of Arbitration Procedure, which included a six-year eligibility rule (§ 15) identical to Rule 603. The defendant-investor sought arbitration, claiming that the plaintiff-broker had fraudulently induced her into investing in an unsound limited partnership.
 
 Id.,
 
 704. Defendant claimed that she was entitled to arbitration because the plaintiff’s alleged fraudulent concealment tolled the six-year time limit. This Court held that the six-year eligibility period began to run at the time the fraud was perpetrated, that is, when the investment purchases were made and not when the investor first discovered that she suffered a financial loss.
 
 Id.,
 
 708-709. The Court rejected the argument that the contractual limitations period had been “tolled” by the plaintiff’s fraudulent concealment:
 

 [T]he six-year eligibility period found in former § 15 of the nasd code cannot be tolled on the basis of a claim of fraudulent concealment. . . .
 

 [T]he six-year eligibility period of former § 15 began to run at the time the investment purchases were made, rather than, as argued by defendant, when defendant decided that the purchases were no longer in her best interest. ... We agree with the court in
 
 [Dean Witter Reynolds, Inc v McCoy,
 
 853 F Supp 1023,] 1030-1031 [(ED Term, 1994), aff'd 70 F3d 1271 (CA 6, 1995)], that “[t]he date of the occurrence or event does not under any circumstances depend on the date when the aggrieved investor first discovers that he or she has suffered a financial loss.”
 
 [Id.,
 
 707-708.]
 

 The Court further commented that “if the limited partnership investments were too speculative and not in the best interests of defendant, then the invest
 
 *452
 
 ments were not suitable on the dates that the investments were purchased.”
 
 Id.,
 
 709.
 

 Here, defendants maintain that paragraph 11(b) of their claim is distinguishable from the investor’s claim in
 
 Chubb
 
 because their claim does not challenge the original investment, but instead seeks relief for wrongful conduct that is entirely separate and distinct from the original investment. Defendants explain that they are not saying that plaintiffs concealed adverse facts pertaining to the initial transaction. Rather, they contend that plaintiffs committed a
 
 new
 
 offense by mailing a fraudulent and misleading portfolio purporting to show all of defendants’ investments and their current values. We agree with defendants: a fraudulent statement of an investment’s performance constitutes a new wrong, separate and distinct from any wrongs surrounding the original investment, because the new fraudulent statement denies the investor information needed to make informed decisions concerning managing the portfolio. Therefore, unlike the claim in
 
 Chubb,
 
 the fraud claim that the trial court found to be arbitrable here does not relate to the initial investments, but to a specific fraudulent event that happened
 
 after
 
 the original investment and within six years of defendants’ filing a claim of arbitration.
 

 We hold that the facts presented here are distinguishable from the facts of
 
 Chubb
 
 and that the trial court did not err in permitting arbitration of the claim in paragraph 11(b).
 
 Todorov, supra.
 
 Following the decision of the Sixth Circuit Court of Appeals in
 
 Osier, supra,
 
 the
 
 Todorov
 
 Court recognized that an investor’s claim that a broker misrepresented the value of an investor’s account is distinguishable from
 
 *453
 
 a claim that a broker fraudulently concealed past wrongdoing related to the initial investment. Consistent with the
 
 Chubb
 
 decision, the court in
 
 Osier, supra,
 
 92-93, rejected the argument that fraudulent concealment can toll the six-year eligibility period. However, after commenting that the exact nature of the investor’s claims were unclear, it noted that at least some of her claims appeared to remain viable:
 

 [S]ome of the claims appear to be based on
 
 wrongdoing occurring after the initial investments were made.
 
 For instance, Ware contends that Osier falsely represented the value of many of her investments on her monthly statement. . . .
 

 Although counsel for Osier contended at oral argument that the only relevant date for determining whether a claim is time-barred is when the initial investment was made,
 
 this theory does not comport with either the “occurrence or event” language contained in § 15 of the caselaw that has developed thereunder. . . .
 
 Accepting Osier’s proposed approach would create situations in which certain claims would be barred before they even arose. Needless to say, we refuse to interpret the “occurrence or event” language, which does not otherwise suggest that the purchase date always triggers the running of the six-year period, in this manner.
 
 [Id.,
 
 93.]
 

 The Sixth Circuit Court of Appeals thus concluded that the six-year period begins to run at the time the alleged wrongdoing occurs, rather than the time of the initial investment.
 
 [1]
 

 Because the
 
 Osier
 
 Court found that the investor’s claims were unclear with respect to the dates of the
 
 *454
 
 involved transactions and alleged fraud, it remanded the case to the trial court to examine each claim and determine what occurrence or event gave rise to the claim and whether that occurrence or event took place in the preceding six years.
 
 Id.,
 
 93. Our Court in
 
 Todorov, supra,
 
 468, similarly remanded to allow the investor “an opportunity to list the specific transactions or conduct of defendants complained of, the dates on which those transactions or that conduct took place, or the ‘occurrence or event’ on which his claims are based.” The
 
 Todorov
 
 Court instructed the trial court to “conduct an analysis of each claim to determine whether it is time-barred.”
 
 Id.,
 
 468-469. Here, defendants’ claim appears to refer to an event taking place on October 7, 1994, which would support the trial court’s ruling that the claim is arbitrable.
 
 [2]
 
 Nonetheless, because the trial court made its decision without the benefit of the
 
 Todorov
 
 decision, we remand so that the trial court can review defendants’ arbitration claims and ascertain which claims are eligible for arbitration.
 

 Remanded for further proceedings in accordance with our opinion. We do not retain jurisdiction.
 

 [1]
 

 See also
 
 Merritt Lynch, Pierce, Fenner & Smith, Inc, v Cohen,
 
 62 F3d 381 (CA 11, 1995), and
 
 PaineWebber Inc v Hofmann,
 
 984 F2d 1372 (CA 3, 1993), where the Courts of Appeal for the Third and Eleventh Circuits reached the same conclusion.
 

 [2]
 

 Our opinion is premised on the conclusion that the act of sending defendants a fraudulent statement is a separate cause of action that accrued after the original investment was made, but within six years of the filing of an arbitration claim. Accordingly, defendants’ damages should be measured from the time that plaintiffs delivered the fraudulent statements. Damages cannot relate back to the original investment. Allowing damages to relate back to the date of the original investment would circumvent this Court’s decisions in
 
 Chubb
 
 and
 
 Todorov.