permanently prohibiting defendant from pursuing her time barred claims in arbitration.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2000 FED App. 0311P (6th Cir.)
File Name:  00a0311p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PRUDENTIAL SECURITIES, INC.; DEAN WITTER REYNOLDS, INC.,
      *Plaintiffs/Counter Defendants-Appellees,*

v.

CATHERINE M. YINGLING,
      *Defendant/Counter Claimant-Appellant.*

No. 99-3974

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 99-00004—Sandra S. Beckwith, District Judge.

Submitted:  June 13, 2000

Decided and Filed:  September 11, 2000

Before:  KENNEDY, NELSON, and BATCHELDER, Circuit Judges.

———————————

**COUNSEL**

———————————

**ON BRIEF:** Robert N. Rapp, Brian M. Eisenberg, CALFEE, HALTER & GRISWOLD, Cleveland, Ohio, Maria A. Del Monaco, DYKEMA GOSSETT, Detroit, Michigan, Michael N. Ungar, ULMER & BERNE, Cleveland, Ohio, for Appellees.  Catherine M. Yingling, Cincinnati, Ohio, pro se.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge.  Prudential Securities, Inc. ("Prudential") and Dean Witter Reynolds, Inc. ("Dean Witter") (collectively referred to as "plaintiffs") initiated this action seeking to enjoin Catherine M. Yingling ("Yingling" or "defendant") from pursuing claims against them in a National Association of Security Dealers ("NASD") arbitration proceeding.   The district court permanently enjoined Yingling from pursuing arbitration claims which accrued prior to September 2, 1991, concluding that pursuant to § 10304 of the NASD Code of Arbitration Procedure, such claims were time barred.   Plaintiffs then moved  for the dismissal of defendant's counter claims and the district court granted the motion.  Defendant brought this pro se appeal.

**I.**

In 1986, Fred Yingling (now deceased) and Catherine Yingling opened an investment account with Prudential.  In December of 1987, the Yinglings' account executive at Prudential left to work for Dean Witter and the account was later transferred to Dean Witter.  Apparently no securities were purchased for the Yinglings' account after December 31, 1989.  While establishing their accounts, first at Prudential, and later at Dean Witter,  the Yinglings signed arbitration

preliminary injunction should issue in the event that the Court is not persuaded by that argument."  The district court then rejected defendant's argument on the grounds that this Circuit had previously ruled that district courts have jurisdiction to determine whether claims are eligible for arbitration under § 10304.

The district court was essentially correct. While our Circuit has not ruled that eligibility of claims for arbitration under § 10304 of the NASD Code of Arbitration Procedure is a matter for the federal district court to decide, it has drawn this conclusion with regard to the identically worded §15 of the NASD Code of Arbitration Procedure.  *See Smith Barney, Inc. v. Sarver*, 108 F.3d 92, 96 (6th Cir. 1997); *Dean Witter Reynolds, Inc. v. Mc Coy*, 995 F.2d 649, 650–51 (6th Cir. 1993).  Because §15 was merely recodified as § 10304, cases interpreting the old provision are equally applicable to § 10304.  Further, we have also stated that the eligibility of a claim for arbitration under the six year period allowed by the identically worded NYSE Rule 603 is a question for the district court to decide.  *See Ohio Co. v. Nemecek*, 98 F.3d 234, 237 (6th Cir. 1996); *Roney and Co. v. Kassab*, 981 F.2d 894, 897 (6th Cir. 1992).[4]

**IV.**

For the foregoing reasons, we conclude that while we have jurisdiction to hear defendant's appeal, the arguments that defendant raises concerning the injunction issued by the district court are without merit.  Appellant's more than six year old claims are ineligible for arbitration.  Therefore, we AFFIRM the district court's issuance of an injunction

———————————

[4]To the extent that defendant has raised the issue of equitable tolling due to fraudulent concealment, it appears that she has waived it by not raising this argument in the district court.  However, even if she had preserved this argument, it would be precluded by *Osler v. Ware*, 114 F.3d 91, (6th Cir. 1997).  In *Osler* our Circuit held that—like NYSE Rule 603—former NASD Code of Arbitration Procedure § 15 operates as an eligibility provision and consequently is not subject to equitable tolling due to allegations of fraudulent concealment.  *See id.* at 92–93.

gave notice of her intent to appeal the district court's permanent injunction as well.[3]

## III.

Plaintiffs filed complaints for declaratory judgment which were consolidated before the district court. Plaintiffs then moved for a preliminary injunction prohibiting defendant from pursuing claims in arbitration based on events which took place earlier than September 2, 1991. Defendant was represented by counsel during these proceedings. The district court observed that the parties both agreed that § 10304 of the NASD Code of Arbitration Procedure requires that arbitration claims must be asserted within six years of the events or occurrences upon which a claim is based. Further, the court noted that the parties agreed that "none of Defendant's claims against Prudential satisfies that requirement" and that "only claims against Plaintiff Dean Witter that are based upon events or occurrences on or after September 2, 1991 satisfy the requirement." Finally, the parties also agreed that the court could properly enjoin the pending arbitration actions if the court concluded that defendant's claims were not eligible for arbitration under § 10304. Defendant's sole argument against plaintiffs' motion for a preliminary injunction was that pursuant to § 10106 of the NASD Code of Arbitration Procedures, the arbitrator, not the court, should decide whether a claim is eligible for arbitration. The district court observed that "[d]efendant acknowledges that the requested

---

[3]We note that we are not confronted with a situation, such as that addressed in *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 516 (6th Cir. 1991), in which an appellant has limited her appeal to only a portion of the final judgment. Rather, defendant's notice indicates that she is appealing from the entire final judgment and defendant's supporting papers show her intent to appeal the permanent injunction issued by the district court. Thus, defendant's notice was of the type deemed sufficient in *Cattin v. General Motors Corp.*, 955 F.2d 416, 428 (6th Cir. 1992), which concluded that by specifically appealing the final judgment, the appellant also properly gave notice of appeal with regard to the district court's earlier grant of partial summary judgment in favor of the appellee.

---

clauses agreeing to settle any controversies relating to the accounts solely through arbitration.[1]

On September 2 of 1997, Catherine Yingling filed a statement of claim against plaintiffs with the NASD. In response, Plaintiffs initiated this action in the district court, seeking to enjoin defendant from pursuing claims in arbitration which accrued prior to September 2, 1991. Plaintiffs asserted that under the NASD rules which governed the arbitration proceedings, claims based on events that occurred more than six years prior to the demand for arbitration are ineligible for submission to arbitration. Section 10304 of the NASD rules, which plaintiffs relied on, provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This Rule shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.[2]

Based on this provision, the district court granted plaintiffs' motions for preliminary injunctions on March 8, 1999, stating that they were to become permanent injunctions on March 29,

---

[1]Yinglings' agreement with Prudential provided that "any controversy arising out of or relating to my account, to transactions with or for me or to the Agreement or breach thereof . . . shall be settled by arbitration." Similarly, the agreement that the Yinglings signed with Dean Witter required that with respect to accounts in which the signor had an interest, claims "arising out of or concerning any such account, any transactions between us or for such accounts, or the construction, performance or breach of this or any other agreement between us . . . shall be determined by arbitration in accordance with the rules of the National Association of Securities Dealers."

[2]The parties did not include section 10304 of the NASD Code of Arbitration Procedure in the record. Section 10304 can be viewed at http://www.nasdr.com/2820a.htm.

1999, without further action by the court, unless defendant demonstrated cause for their removal by that date. Defendant made no attempt to make such a showing and the injunctions were made permanent by the district court on March 29, 1999.

In response to plaintiffs' complaint, defendant filed three counterclaims alleging breach of contract, fraud, and breach of fiduciary duty. These claims realleged those made in defendant's statement of claim for arbitration. Plaintiffs brought a motion to dismiss the claims, arguing that claims, which could not be brought in arbitration because of their untimeliness, likewise could not be litigated in the district court. On June 29, 1999, the district court granted plaintiffs' motions. Defendant brought this pro se appeal requesting only that this Court reverse the district court and allow her claims to proceed in arbitration. *See* Addendum to Pro Se Appellant's Brief.

## II.

Plaintiffs assert that defendant failed to properly comply with Fed. R. App. P. 3(c)(1)(B), which provides that the notice of appeal must, "designate the judgment, order, or part thereof being appealed . . ." In her notice of appeal, defendant states that she appeals: "from the Memorandum and Order and Judgment in a Civil Case granting Plaintiffs' Motions to Dismiss Defendant's Counterclaims and dismissing the above-captioned case in its entirety entered in this action on the 29th day of June, 1999." However, in her brief defendant does not argue that the district court erred in its June 29 order in which the court concluded that plaintiff could not litigate claims that were ineligible for arbitration. Rather, defendant argues that the district court erred in its earlier order enjoining her from arbitrating the claims at issue. Defendant acknowledges that these claims are over the six year claim period allowed by § 10304 of the NASD rules, but argues nonetheless that the district court should not have enjoined her attempt to seek recovery in arbitration.

We conclude that we have jurisdiction to hear defendant's arguments concerning the district court's issuance of a permanent injunction on March 29, 1999. Her notice of appeal is from the district court's Order and Judgment entered on June 30, 1999. This judgment referenced the court's earlier injunction from which no appeal had been filed and for which a Fed. R. Civ. P. 54(b) certificate had not been issued. By virtue of the final judgment rule, an immediate appeal from such an injunction would be considered interlocutory in nature when other claims remain pending. Thus, absent an interlocutory appeal or Rule 54(b) certificate, the permanent injunction issued by the district court remained part of the case pending before the court until it issued its final judgment disposing of all claims. *See Chambers v. Ohio Dept. of Human Services*, 145 F.3d 793, 796 (6th Cir. 1998) (noting "[i]t is clear that parties are not required to file an interlocutory appeal; rather, a party may forgo an interlocutory appeal and present the issue to this court after final judgment."); *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3921 (2d ed. 1996) (citing cases for the proposition that interlocutory appeal of a permanent injunction is not mandatory, as the order remains part of the case and merges with the final judgment, from which an appeal can then be taken); *Cattin v. General Motors Corp*, 955 F.2d 416, 428 (6th Cir. 1992) (concluding that by specifically appealing the final judgment, the appellant also properly gave notice of appeal with regard to the district court's earlier grant of partial summary judgment in favor of the appellee).

An appeal from a judgment normally includes all prior nonfinal orders and rulings. *See Cattin*, 955 F.2d at 428; *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 624–25 (7th Cir. 1993). Accordingly, we conclude that by designating the judgment in her notice of appeal, defendant